Argued June 25, affirmed July 22, 1974

STATE OF OREGON, *Respondent, v.* KARL
WAYNE TWILLEAGER (No. 28420), *Appellant.*
524 P2d 567

*Robert M. Gordon,* Corvallis, argued the cause and
filed the brief for appellant.

*Janet A. Metcalf,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With her on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and
Fort, Judges.

FORT, J.

Defendant was convicted of criminal activity in drugs, ORS 167.207, and appeals from the resulting judgment.

On July 23, 1973, an Information was filed against the defendant charging him with criminal activity in drugs by cultivating marihuana on July 21, 1973. A preliminary hearing was held in August 1973, and the defendant was bound over to the Grand Jury.

On December 18, 1973, the defendant waived Grand Jury and an Information charging criminal activity in drugs was filed in the circuit court alleging that defendant

"* * * did knowingly and unlawfully possess less than one avoirdupois ounce of marihuana, a narcotic drug * * *."

A plea of guilty was entered and on January 3, 1974, the court imposed a sentence of six months in the county jail.

Defendant's appeal challenges the sentence as "excessive and beyond the jurisdiction of the Court."

Essentially the problem presented is one of statutory construction. By Oregon Laws 1971, ch 743, this state adopted a new criminal code. As adopted in 1971, the statute provided in § 274 (3) thereof:

"* * * [I]f the conviction is for possession of less than one avoirdupois ounce of marihuana and it is the defendant's first conviction for any narcotic or dangerous drug offense, criminal activity in drugs is a Class A misdemeanor." (Oregon Laws 1971, ch 743, p 1946.)

In 1973, this provision was amended by ch 680, § 1, p 1521, to read as follows:

"* * * * *

"(3) * * * [I]f the conviction is for possession of less than one avoirdupois ounce of marijuana it is a violation punishable by a fine of not more than $100." (ORS 167.207 (3).)

Defendant contends, although the crime charged was committed prior to the effective date of the 1973 amendment, since the sentence was imposed after that amendment became effective on October 5, 1973, that he could not be sentenced to more than the maximum authorized by that amendment.

In *Bradley v. United States,* 410 US 605, 93 S Ct 1151, 35 L Ed 2d 528 (1973), the Supreme Court of the United States considered a similar problem arising under the federal narcotics law. The question there presented arose in the following manner. The defendant was convicted of a narcotics offense committed in March 1971. He was convicted about May 6, 1971. The Act under which he was committed provided at the time he committed the crime a minimum mandatory sentence of five years' imprisonment. Prior to the time of his sentence, the statute was amended, effective May 1, 1971, to permit a lesser sentence including the possibility of probation or suspension. The trial court had imposed the minimum mandatory five-year sentence required by the statute in force at the time the crime was committed. The Court of Appeals, 455 F2d 1181, had affirmed. The Supreme Court granted certiorari "to resolve the conflict between the First and Ninth Circuits." *United States v. Stephens,* 449 F2d 103 (9th Cir 1971).

It affirmed, stating:

"At common law, the repeal of a criminal statute

abated all prosecutions which had not reached final disposition of the highest court authorized to review them. * * * Abatement by repeal included a statute's repeal and reenactment with different penalties. * * * And the rule applied even when the penalty was reduced. * * * To avoid such results, legislatures frequently indicated an intention not to abate pending prosecutions by including in the repealing statute a specific clause stating that prosecutions of offenses under the repealed statute were not to be abated. * * *

"* * * * *

"In *Berman v. United States,* 302 U.S. 211 [58 S Ct 164, 82 L Ed 204] (1937), this Court said, 'Final judgment in a criminal case means sentence. The sentence is the judgment. * * *' In the legal sense, a prosecution terminates only when sentence is imposed. * * * So long as sentence has not been imposed, then, § 1103 (a) is to leave the prosecution unaffected.

"We therefore conclude that the Court of Appeals properly rejected petitioners' motion to vacate sentence and remand for resentencing. * * *" (Footnotes omitted.) 410 US at 607-09.

In 1971, when the legislature adopted the new criminal code (Oregon Laws 1971, ch 743, p 1873), it provided a general savings clause, ORS 161.035, as follows:

"(1) Chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined in chapter 743, Oregon Laws 1971, and committed after January 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense.

"(2) Except as otherwise expressly provided, or unless the context requires otherwise, the provisions of chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined outside chapter 743, Oregon Laws 1971, and

committed after January 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense.

"(3) Chapter 743, Oregon Laws 1971, shall not apply to or govern the construction of and punishment for any offense committed before January 1, 1972, or the construction and application of any defense to a prosecution for such an offense. Such an offense shall be construed and punished according to the law existing at the time of the commission of the offense in the same manner as if chapter 743, Oregon Laws 1971, had not been enacted.

"(4) When all or part of a criminal statute is amended or repealed, the criminal statute or part thereof so amended or repealed remains in force for the purpose of authorizing the accusation, prosecution, conviction and punishment of a person who violated the statute or part thereof before the effective date of the amending or repealing Act."

In its Commentary to that section, the Criminal Law Revision Commission states:

"* * * The substance of it is that the revision applies only to conduct occurring after the effective date of the Code, and that the law in existence governs with respect to conduct occurring before that date. Subsection (4) is a restatement of ORS 161.040." Proposed Oregon Criminal Code 5, Art 1, § 5 (1970).

We note initially that the legislature, when it enacted Oregon Laws 1973, ch 680, p 1521, did not repeal former ORS 167.207. The prohibited offense was not affected even for the "possession of less than one avoirdupois ounce of marijuana." Only the penalty was changed from that governing a Class A misdemeanor to a "fine of not more than $100." Thus the offense prohibited by the 1971 Act was not repealed, but remained in full force and effect.

In *State of Oregon v. Moore,* 192 Or 39, 45, 233 P2d 253 (1951), our Supreme Court, in a criminal case involving the Habitual Criminal Act, considered the construction of a savings clause and said:

> "Section 7 of the Act of 1947 is a saving clause reading: 'All provisions of law repealed by this act hereby are continued in full force and effect as to *penalties incurred* and pending proceedings.' (Italics ours.)

> "Such saving provisions are declarative of a continuing policy of the state that the repeal of any statute shall not release or extinguish any liability incurred or affect any right accrued. 50 Am. Jur., Statutes, 534, § 527. When the repealing statute contains a saving clause as to crimes committed prior to the repeal, or as to pending prosecutions, the offender may be tried and punished under the old law. * * *"

It follows that the judgment is affirmed.

Affirmed.