585 P.2d 244

**STATE of Arizona, Appellee,**

v.

**Walter Gene MILLER, Appellant.**

**No. 4150.**

Supreme Court of Arizona,
In Banc.

Oct. 2, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer III, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

The Maricopa County Grand Jury indicted appellant, Walter Gene Miller, for the sale of a narcotic drug, heroin, a violation of A.R.S. § 36–1002.02. He was convicted, and appeals. Jurisdiction is pursuant to Rule 47(e)(5) of the Supreme Court. Affirmed.

Appellant's first claim of error arises out of a claimed irregularity in grand jury proceedings. On May 20, 1976, the grand jury convened, apparently to hear evidence concerning appellant's activities and to be informed of the elements of crimes which might have been committed. Several weeks later, on June 29, 1976, the same grand jury reconvened, and returned an indictment against appellant. Among the grand jurors convened on June 29th was Rudolf Pena. Pena's name was absent from the list of grand jurors originally convened on May 20, 1976.

Appellant argues that since it could not be determined from the record whether Pena was sufficiently informed of the elements of the crimes alleged to have been committed, the case should have been dismissed or, in the alternative, remanded to the grand jury for a redetermination of probable cause. The trial judge agreed and entered an order remanding the indictment for a redetermination of probable cause on September 10, 1976. On October 6, 1976, approximately 25 days after remand, appellant moved to dismiss for failure of the grand jury to redetermine probable cause within 15 days. The next day, October 7th, the grand jury reindicted appellant on the same charges appearing in the first indictment. On November 4, 1976, the court denied appellant's motion to dismiss.

Appellant urges that the trial court should have granted his motion to dismiss because a new indictment was not returned within 15 days. In support of this argument, he cites Rules 5.5(d) and 12.28(C),

Arizona Rules of Criminal Procedure, 17 A.R.S. Rule 5.5(d) states:

" * * * If the motion is granted, the case shall be returned to the magistrate with appropriate instructions. Unless a new preliminary hearing is *commenced within 15 days* after entry of the remand order, the case shall be dismissed." (Emphasis added.)

Even a cursory reading of Rule 5.5(d) reveals that it applies to preliminary hearings and not to county grand juries. Rule 12.28(C), relied on by appellant, applies only to State Grand Juries. It provides:

"C. * * * If a motion * * * challenging *State grand jury* proceedings is granted, the Attorney General, or his designee, may proceed with the prosecution of the case pursuant to Rule 2, Rules of Criminal Procedure, or by resubmission to the same State Grand Jury, or submission to another grand jury. Unless a complaint is filed or a grand jury consideration is commenced within fifteen days after entry of the order granting the motion under * * * the case shall be dismissed without prejudice." (Emphasis added.)

■ It is clear that neither of the quoted rules applies to county grand juries. Moreover, both rules only require that a new hearing be commenced within 15 days. Even were these rules to be held controlling, the record shows only that the second indictment was returned 27 days after the order of remand. It does not reveal whether the proceedings were commenced within 15 days of the remand. It is the duty of appellant to see that the record contains the material to which he takes exception. *State v. Borjorquez,* 111 Ariz. 549, 535 P.2d 6 (1975). Matters not included in the record on appeal will be presumed to support the action of the trial court. *State v. Villalobos,* 114 Ariz. 392, 561 P.2d 313 (1977).

■ Appellant next contends that the trial court committed fundamental error by failing to instruct the jury on the limited use of evidence of a prior conviction. The record reveals that appellant voluntarily introduced the fact that he had a prior conviction, but thereafter failed to request a limiting instruction. Failure of a trial court to give an instruction may be raised for the first time on appeal only when the prejudice caused by the omission is of a fundamental nature which goes to the foundation of the defendant's case, or which takes from him a right essential to his defense. *State v. Wheeler,* 108 Ariz. 338, 498 P.2d 205 (1972); *State v. Goldsmith,* 112 Ariz. 399, 542 P.2d 1098 (1975); *State v. Reim,* 26 Ariz.App. 528, 549 P.2d 1046 (1976). In matters of a fundamental nature, the trial judge is required to instruct the jury on his own motion, even if not requested by the defense, and failure to instruct the jury on a matter vital to the rights of the defendant creates fundamental error. *State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973).

■ We do not think that the failure to give a limiting instruction deprived appellant of a right so essential to his defense that a conviction resulted. The evidence of guilt was overwhelming. Two narcotic officers identified appellant as the person who sold them heroin. One of the two, Officer DeLeon, positively identified appellant from police photographs less than thirty minutes after the sale took place.

Appellant's final argument is that the trial judge erred in refusing to grant the appellant a presentencing hearing pursuant to Rule 26.7, Arizona Rules of Criminal Procedure, 17 A.R.S.

On the day of sentencing, the following exchange took place:

"THE COURT: * * *

Is there any reason why sentence should not now be pronounced?

MR. WEBER: There's no legal reason, Your Honor.

THE COURT: Anything you want to say, Mr. Miller?

THE DEFENDANT: No.

\* \* \* \* \* \*

MR. WEBER: Your Honor, the Defendant asked me to ask the Court if sentencing could be continued so he could be given a polygraph examination.

I attempted to arrange a polygraph prior to today's date, unsuccessfully, as the Court is aware.

Mr. Miller took one prior to trial, which was inconclusive. He desires to take another one on the issue of guilt.

The only real issue, realize of course that would not effect [sic] the Jury's verdict, it may at least have some bearing on sentencing.

MR. KANE: The State would object to that. The Defendant's been proven guilty by a Jury of his peers.

I, personally, see numerous incidents, which polygraphs come back from two people with results of two entirely diametrically oppose.

We do not think the polygraph is the end for everything.

The Defendant has gone through a Jury trial; was convicted of the charge. The State sees no reason for continuing the sentencing.

THE COURT: Due to the fact his polygraph was inconclusive, I don't believe having another one would be helpful.

The motion for continuing the sentencing for a polygraph is denied."

Appellant contends that this was a request for a mitigation hearing and that the court erred in denying his request for a continuance.

Rule 26.7(a), Arizona Rules of Criminal Procedure, provides:

" * * * When the court has discretion as to the penalty to be imposed, it may on its own initiative, and shall on the request of any party, hold a pre-sentencing hearing any time prior to sentencing."

In *State v. Woods,* 114 Ariz. 385, 389, 561 P.2d 306, 310 (1977), a somewhat similar exchange occurred:

"THE DEFENDANT: All right. I also state I was making notes while I was back in my cell that in the Presentence Report, they talk about me being insane. I wonder if I could have a psychiatrist, a psychiatrist take an observation of me and a 30-day continuance on this.

\* \* \* \* \* \*

THE COURT: Your request is based on something that's contained in the Presentence Report; is that right?

THE DEFENDANT: Uh-huh.

THE COURT: Counsel, as Mr. Woods' advisory counsel, do you have anything further to present in connection with the request for an evaluation pursuant to 26.5 prior to sentencing?

[COUNSEL FOR APPELLANT]: I think, Your Honor, the report does infer in some instances, \* \* \*.

\* \* \* \* \* \*

THE DEFENDANT: I would like to have 30 days, then, to get my papers from Oregon, physiology—psychological papers from Oregon to refer back to this.

\* \* \* \* \* \*

THE COURT: Are you speaking of diagnostic evaluations that would assist the Court in determining sentencing?

THE DEFENDANT: Yes, Sir.

THE COURT: Or are you speaking about your mental competency to understand the nature of the proceedings against you—

THE DEFENDANT: No.

THE COURT: —and to assist in the presentation of your defense?

Is it the former in connection with sentencing?"

The defendant argued in *Woods* that it was clear from the record that he asked for a presentencing hearing. We held:

"It is clear that in the present case the appellant wanted to present material which he believed would affect the sentencing. The court should have taken the appellant's request as a request for a pre-sentencing hearing in which the appellant would have had the opportunity to present any evidence which he believed would mitigate the severity of the offense." *Id.* at 390, 561 P.2d at 311.

In the present case, appellant's request was for a continuance for the specific purpose of taking a polygraph examination. The court ruled that since the first polygraph was inconclusive, a further test

would, in its opinion, be of no benefit. We think this is a ruling as to the type of evidence which the court would hear if a presentencing hearing were held. In tailoring a sentence to an individual, the trial judge should consider not only the circumstances of the offense but also the character and past conduct of a defendant, so that the punishment may be set in accordance with defendant's general character and the nature of the crime committed. The polygraph examination sought by the appellant, because of its inconclusive nature, would not cast additional light on appellant's character or the circumstances of the crime. See *State v. Smith,* 107 Ariz. 218, 484 P.2d 1049 (1971). The court was well within its discretion in determining that an additional polygraph would be of no benefit to appellant at sentencing and did not commit error by failing to treat his request as a request for a presentence hearing.

Affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.