599 P.2d 241

**STATE of Arizona, Appellee,**

v.

**James Vincent DOSZTAL, Appellant.**

**No. 1 CA–CR 3693.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 15, 1979.

Rehearing Denied July 11, 1979.

Review Denied Sept. 6, 1979.

---

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

In this appeal we must determine if there was a submission tantamount to a guilty plea when the defendant waived the jury and rested his case without presenting any evidence after the state's principal witness had testified in the jury trial.

The facts are clear and undisputed. Delbert Ayers, a Phoenix police officer, was assigned to a stakeout of a Revco drugstore. The defendant with a companion entered the drugstore and while armed with pistols they committed a burglary. In a gun fight with Officer Ayers, they were wounded and eventually taken into custody in front of the drugstore. They were both wearing ski

masks and surgical gloves during the commission of the crimes. In the course of the burglary, the defendant was armed with a loaded Colt .357 Magnum revolver, which he pointed at Officer Ayers from a distance of approximately three feet.

A jury trial was held and after the testimony of Officer Ayers, but before any cross-examination, the defendant signed a waiver of trial by jury and submitted the case to the trial court. Without objection the state presented a copy of the police report into evidence and rested. The defendant then declined to introduce any evidence and rested. The trial court recessed to review the police report, and found the defendant guilty of all charges. Defendant was sentenced to serve a term of not less than one nor more than five years for the crime of wearing a mask in the commission of the offense, a term of not less than ten years nor more than fifteen years for the offense of burglary while armed with a gun, and a term of not less than fifteen years nor more than life for the offense of assault with a deadly weapon while armed with a gun.

The appellant/defendant argues that his submission must be set aside because he was not adequately advised of the constitutional rights which he waived, and further, that he was not adequately advised of the special sentencing conditions imposed by the former A.R.S. § 13–249(B),[1] in accordance with Rule 17.2(b), 17 A.R.S. Rules of Criminal Procedure. The state argues first that defendant is not entitled to a remand because the judgment of guilt was the result of a trial to the court and was not a submission tantamount to a guilty plea. The state argues in the alternative that should this Court determine that the judgment of guilt was the product of a submission tantamount to a guilty plea, the defendant is not entitled to a remand because he was aware of his constitutional rights, and that he was adequately advised of the special sentencing conditions imposed by former A.R.S. § 13–249(B).

■ It is now clear in Arizona that when a case is submitted to a trial court for a determination of a defendant's guilt or innocence and such submission is tantamount to a guilty plea, there must be compliance with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974). When the submission is tantamount to a guilty plea, the defendant must be advised of any special sentencing conditions. *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977). A submission is not necessarily tantamount to a guilty plea and each case must be viewed in light of its particular facts. *State v. Jackson,* 118 Ariz. 270, 576 P.2d 129 (1978); *In re Mosley,* 1 Cal.3d 913, 83 Cal.Rptr. 809, 464 P.2d 473 (1970), *cert. denied,* 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970).

■ In applying the law to the facts of this case, it is our opinion that this was not a submission tantamount to a guilty plea, and there was no reversible error by the trial court.

The state's witness, Officer Ayers, was present during the entire offense, and testified to all of the acts committed by defendant which constituted the offense. Moreover, he clearly identified the defendant as one of the parties who committed the offense. At the conclusion of his testimony, the defendant decided to waive trial by jury. The trial court determined that the waiver was voluntary and not the result of any promises or threats. The court then stated as follows:

> We will proceed to trial without a jury, which we might as well do right now. The State have any further witnesses or any further exhibits?

The state responded that it had no further questions of the witness Ayers. The court asked whether there would be any cross-examination, and defendant responded that there would be no cross-examination. The state then moved to admit the departmental reports which contained statements of the defendant. The court then advised defendant that it would be considering the

---

1. Repealed 1977 Ariz.Sess.Laws, Ch. 142, § 4, effective Oct. 1, 1978.

statements made by defendant contained in the police report "in the trial". The court further stated: "[I]n other words I am taking the place of the jury. I will be considering statements of witnesses that have been written." The court advised defendant that he would have no right of cross-examination of the officers, and that he was waiving any challenge to any statements which might have been improperly obtained. The defendant responded that he understood that he was waiving such a challenge and did not object to the admission of the police reports into evidence. Thereafter, the state rested, and the court asked if the defendant had any evidence. He responded through his attorney that he had no evidence and that he rested.

Under the circumstances of this case, we conclude that the defendant did participate in a formal trial to the court with an opportunity to cross-examine witnesses against him and to put on evidence in his behalf, and that he merely declined to do so. A fair reading of the transcript shows that the state had adequately proven all elements of the crimes charged through the testimony of Officer Ayers. The police report was unnecessary and merely cumulative. Defense counsel was representing a defendant with a prior felony record, and there was simply nothing he could do to present a case on behalf of his client. Defense counsel unfortunately must on occasion defend cases where there is no defense, and often the greatest service they can perform for their client is to conclude the matter as rapidly as possible before any more damaging evidence is presented which could adversely influence the court in the disposition of the case.

■ Since this was a trial to the court rather than a submission tantamount to a guilty plea, it is not necessary that the waiver of trial by jury be accompanied by the full panoply of constitutional safeguards entailed in a plea of guilty. *See* *State v. Woods; State v. Crowley.* Under such circumstances, the appropriate inquiry is whether the record reflects that the waiver of trial by jury was entered into knowingly and voluntarily. In this case, the trial court extensively questioned the appellant, and the record clearly manifests a basis for the trial court's determination that the waiver of trial by jury was voluntary.

■ In an effort to avoid the problems raised herein, we do not recommend that trial courts follow the trial procedure used in this case. Once testimony has been presented to the jury, the case normally should be concluded as a jury trial. As a general rule, only where the defendant elects to change his plea to guilty should the regular jury trial process be discontinued.

The judgments and sentences are affirmed.

SCHROEDER, P. J., Department B, and JACOBSON, J., concur.