599 P.2d 859

**STATE of Arizona, Respondent,**

**v.**

**George Russell BROWN, Petitioner.**

**No. 1 CA–CR 3721–PR.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 10, 1979.

Rehearing Denied Aug. 28, 1979.

Review Denied Sept. 18, 1979.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Charles F. Hyder, Maricopa County Atty. by David A. Bash, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner-defendant.

George Russell Brown, in pro per.

OPINION

DONOFRIO, Judge.

The petitioner George Russell Brown was convicted of two counts of second degree murder in 1969 and was sentenced to concurrent prison terms of 50 to 60 years on each count. On August 24, 1979 he filed a "motion for modification of sentence" based on the present Criminal Code, which became effective October 1, 1978, and asserted that he was entitled "to the beneficial provisions" of the new Code. Thus, he prayed for an order modifying his sentence to a term of seven years imprisonment, the presumptive sentence under present A.R.S. § 13–701 for second degree murder, a class 2 felony under present A.R.S. § 13–1104. Petitioner relies on A.R.S. § 1–245.[1]

---

1. A.R.S. § 1–245
   "When a statute has been enacted and has become a law, no other statute or law is continued in force because it is consistent with the statute enacted, but in all cases provided for by the subsequent statute, the statutes, laws and

A.R.S. § 1–245 has no relevance in the matter. The statutes comprising the prior Criminal Code were expressly replaced by the present Criminal Code. Offenses and the various penalties therefor under varying circumstances were comprehensively redefined.

A.R.S. § 1–246 provides as follows:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed."

See also A.R.S. § 1–247.

Section 179 of Chapter 142 of the Session Laws of 1977 which enacted the new Criminal Code provides in part:

"Sec. 179. Application of act to offenses committed before and after enactment.

A. The provisions of this act shall govern the construction of and punishment for any offense defined in this act and committed after its effective date.

\* \* \* \* \* \*

C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted."

Thus Section 179 is a special law governing the application of the new Criminal Code.

Petitioner's punishment was fixed under the provisions of law which existed when he committed the offenses. The Legislature in enacting A.R.S. § 1–246 the general statute, and in enacting the new special statute has clearly directed that the penalty thus fixed is not subject to modification on the basis advanced by petitioner.

rules theretofore in force, whether consistent or not with the provisions of the subsequent

The petition is frivolous. Review has been granted; relief is denied.

WREN, P. J., and FROEB, J., concur.

statute, unless expressly continued in force by it, shall be deemed repealed and abrogated."