610 P.2d 72

The STATE of Arizona, Appellee,

v.

Charles Ross WILLIAMS, Appellant.

No. 2 CA–CR 1730.

Court of Appeals of Arizona, Division 2.

Feb. 20, 1980.

Rehearing Denied March 26, 1980.

Review Denied April 15, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

A. Thomas Cole, Casa Grande, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was placed on probation in January 1978 for possession of marijuana, with certain conditions. Less than a year later, a petition to revoke probation was filed alleging several violations. The court found that appellant had violated the conditions of probation by possessing marijuana on November 18, 1978, and by failing to report to his probation officer in September and October 1978. Probation was revoked and appellant was sentenced to imprisonment for not less than one year and six months nor more than eight years.

Appellant presents six questions for review. We do not consider the two pertaining to his failure to report to his probation officer because we find the revocation order was correct as to violation of the condition that appellant not possess or use narcotics.

The presiding judge did not err in refusing to honor appellant's request for a change of judge. A Rule 10.2 change of judge must be made before the judge has made a decision in the matter. *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977). Appellant's peremptory challenge of Judge Bean, who had found him guilty and placed him on probation in 1978, came too late.

Appellant claims the evidence was insufficient to show that he possessed marijuana on November 18, 1978. We do not agree. A police officer, standing approximately 10 to 15 feet from appellant while another officer was placing him under arrest, observed appellant drop a shiny plastic bag. The bag, which was under the patrol car appellant was leaning against, was re-

trieved by the officer. The officer also testified on cross-examination that another individual standing with him also observed appellant drop the bag and commented on it. This evidence supports an inference that the bag of marijuana under the car had been in appellant's possession at the time of arrest.

■ Appellant contends the marijuana should not have been admitted because the chain of custody had not been established. A foundation, however, may be laid through identification testimony. *State v. Macumber*, 119 Ariz. 516, 582 P.2d 162 (1978). There was sufficient identification of the marijuana to admit it into evidence.

■ As to appellant's "due process" argument concerning preparation of the supplemental presentence report, we find nothing in the record to support his claim of unfairness. In fact, it is clear that appellant's attorney did not object to the probation officer communicating with the judge by telephone because of illness.

■ We find no error in the trial court's denial of post-conviction relief. The basis for appellant's petition was that the sentence for possession of marijuana at the time he was sentenced (January 8, 1979) was only one and one-half years under A.R.S. Sec. 13–701(B)(5). Therefore, he contended, either the sentence of one and one-half to eight years was unlawful or retroactive application of the changed legal standard required reduction of his sentence.

Appellant was sentenced for an offense committed on October 4, 1977. He argues that he was entitled to the benefits of the amendatory legislation mitigating the penalty for possession of marijuana since his conviction had not become final. Appellant's reliance on cases such as *In re Estrada*, 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (1965), *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974) and *State v. Heath*, 85 Wash.2d 196, 532 P.2d 621 (1975), is misplaced. It is true that those courts applied reduced penalty provisions to pending cases despite the presumption against retroactivity, the rationale being that the legislature

is presumed to have determined that the new penalty is adequate. In Arizona, we cannot indulge in such reasoning as the legislature has indicated that the provisions of the new Criminal Code are to operate prospectively only. Laws 1977, Ch. 142, Sec. 179 provides:

"A. The provisions of this act shall govern the construction of and punishment for any offense defined in this act and committed after its effective date.

B. Except as otherwise expressly provided, or unless the context otherwise requires, the provisions of this act shall govern the construction of and punishment for any offense defined outside this act and committed after its effective date.

C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted."

When a new criminal code provides for a less severe penalty, and contains a saving clause as to crimes committed prior to its effective date, the penalty provision of the old code applies to such offenses. *State v. Twilleager*, 18 Or.App. 182, 524 P.2d 567 (1974); *Bradley v. United States*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). See also, *State v. Brown*, 123 Ariz. 406, 599 P.2d 859 (App.1979); *State v. Johnson*, 94 Ariz. 303, 383 P.2d 862 (1963). In the cases relied upon by appellant, there was no saving clause. As stated in *Estrada*:

". . . [I]f the saving clause expressly provided that the old law should continue to operate as to past acts, so far as punishment is concerned that would be the end of the matter." 48 Cal.Rptr. at 177, 408 P.2d at 953.

Affirmed.

HOWARD and RICHMOND, JJ., concur.