608 P.2d 774

STATE of Arizona, Appellee,

v.

Joe Ruiz CANEDO, Appellant.

Nos. 3855–PR–2, 3855–PR–3PC.

Supreme Court of Arizona,
En Banc.

March 11, 1980.

Robert K. Corbin, Atty. Gen., Phoenix, Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

On February 17, 1976, defendant-appellant, Joe Ruiz Canedo, was adjudged guilty of voluntary manslaughter while armed with a gun and was thereupon sentenced to a period of not less than twenty years nor more than life imprisonment. We hereby reverse and remand to the trial court for proceedings consistent with this opinion.

The manner in which appellant pursued his appeal has given rise to the first issue before us for review. Pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.2(a), appellant filed a timely notice of appeal with the clerk of the Superior Court. Although required by §§ 12–120.21(A)(1)

and 13–1711 (Supp.1978) * of our Revised Statutes to take actions involving crimes for which life imprisonment has been imposed directly to the Supreme Court, appellant's form notice incorrectly assigned the Court of Appeals as the designated appellate forum. The Court of Appeals, apparently not having been alerted to the jurisdictional defect by counsel for the state, affirmed the judgment of the court below, *State v. Canedo,* 115 Ariz. 60, 563 P.2d 315 (App.1977), and subsequent petitions for rehearing by the Court of Appeals and review by the Supreme Court were denied.

Approximately one and one-half years later, appellant's attorney discovered his error and moved the Court of Appeals to vacate its previous decision and transfer the matter to the Arizona Supreme Court. His motions denied, appellant petitioned this court for a special action, requesting removal of the cause from the Court of Appeals. On October 17, 1978, upon briefs and oral argument, we declined jurisdiction.

Appellant next sought comfort in Rule 32, Arizona Rules of Criminal Procedure, petitioning the trial court for a delayed appeal pursuant to Rule 32.1(f). The trial court granted appellant's request and he filed the instant appeal pursuant thereto. The state, however, subsequently moved the lower tribunal for a rehearing of its grant of Rule 32 relief. The trial court affirmed its previous ruling, causing appellee to file the instant petition for review, which has been consolidated before this court with defendant's appeal pursuant to 17 A.R.S. Arizona Rules of Criminal Procedure, rule 31.4(b)(2).

■ Regarding appellee's petition for review, we are called upon initially to determine whether or not the trial court correctly granted appellant's request for delayed appeal. We hold that it did.

Rule 32.1(f), Arizona Rules of Criminal Procedure, permits a criminal defendant appropriate delayed post-conviction relief provided that, "[t]he petitioner's failure to appeal from the judgment, sentence, or both

within prescribed time was without fault on his part." (emphasis added).

■ Initially, we note that petitioner has "failed to appeal" within the meaning of Rule 32.1(f) above. Although the instant dispute has previously been heard by the Court of Appeals, decisions rendered without jurisdiction are void and without effect. *In re Bonner,* 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894); *In re Baxter's Estate,* 22 Ariz. 91, 194 P. 333 (1921).

■ With this in mind, our analysis must next focus upon the construction to be given the term "petitioner", underscored above. Appellee would have us hold that under the language in question, counsel for the defendant may waive a client's right to appellate relief. We are persuaded, however, that the more reasoned interpretation requires the waiver be solely the decision of the accused.

Initially, examination of additional sections of Rule 32 reveals a clear distinction drawn between petitioner and his or her attorney. For example, Rule 32.6(a) requires that the prosecution send its response to a Rule 32 petition to both "petitioner and counsel for the petitioner."

Additional support for this conclusion is found in the official comments to Rule 32.-1(f), which note,

"[t]his provision . . . includes . . the situation in which the defendant intended to appeal and thought timely appeal had been filed by his attorney when in reality it had not." (citations omitted).

Having decided that appellant's petition for post-conviction relief is properly before us for review, we turn now to the allegations of error raised pursuant thereto, however find it necessary to discuss only three of the several contentions urged therein.

■ The critical issue for our determination is whether or not the trial court erred in failing to instruct the jury regarding the permissible use of the prior convictions of a witness.

---

* Subsequently renumbered § 13–4031, effective October 1, 1978.

At trial, appellant took the stand and testified in his own behalf. Upon cross-examination for impeachment purposes, appellant was questioned regarding and admitted the existence of, two prior felony convictions. Appellant's subsequent request for the following charge to the jury was denied by the trial court:

"The fact that a witness had been convicted of a felony, if such be a fact, may be considered by you only for the purpose of determining the credibility of that witness. The fact of such a conviction does not necessarily destroy or impair the witness' credibility. It is one of the circumstances that you may take into consideration in weighing the testimony of such a witness.

"Such evidence was not received and may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes."

The jurisprudence of this state has clearly established the right of a criminal defendant to instructions regarding the limited use to be made of prior convictions. In *State v. Finley*, 85 Ariz. 327, 335, 338 P.2d 790, 796 (1959), we stated:

"Whenever evidence is admitted of other offenses there is an imperative duty on the trial court to clearly instruct the jury as to the restricted and limited purpose for which such evidence is to be considered." (citation omitted).

*Accord, State v. Hernandez*, 7 Ariz.App. 200, 437 P.2d 952 (1968). *Cf. Cole v. State*, 41 Ariz. 1, 15 P.2d 238 (1932).

■ Moreover, this principle is not only supported by the authorities, but is in accord with justice and common sense. In our opinion, there is little logic to admitting evidence for a specific limited purpose without so informing the jury. Absent instructions similar to those at bar, the fact finder will in no way ascertain the unique function of the testimony and will in all likelihood utilize the convictions as substantive evidence of guilt.

■ Appellee, citing, *inter alia, State v. Altman*, 107 Ariz. 93, 482 P.2d 460 (1971),

would have us hold that the instructions ultimately given sufficiently illustrated the point which appellant was seeking to stress. The trial court charged the jury:

"If a witness has been convicted of a felony, that conviction does not necessarily mean that you cannot believe his testimony. A witness's conviction of a felony is one of the circumstances you should consider in determining whether to believe that witness."

It is obvious to this court, however, that the above-quoted language is limited to the credibility to be afforded the testimony of a felon and contains no reference to the principle requested by appellant.

Nor are we persuaded that *Finley, supra,* is distinguished from the case at bar by the fact that the prior convictions there were admitted to establish common plan or scheme, while in the case *sub judice*, they were utilized for purposes of impeachment. In both proceedings, the evidence was admitted for a specific limited purpose and not as substantive evidence, and the jury should have been so informed.

Although we have indicated that appellant's conviction must therefore be reversed, because of the likelihood of reoccurrence at trial, there are two additional issues which we should address.

Initially, appellant complains of the failure of the trial court to instruct the jury regarding the state's burden of proof in a case involving a claim of self-defense. In view of our decisions in *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977), and *State v. Denny*, 119 Ariz. 131, 579 P.2d 1101 (1978), however, we feel that this will no longer present an issue on retrial.

■ In addition, appellant finds error in the failure of the trial court to ask the following proffered question at pretrial *voir dire* of the jury:

"Is there anyone who believes that if a witness has been convicted of a felony in the past, that that witness's testimony is not to be believed?"

We need not, however, reach the issue of the propriety of the trial court's refusal, since error, if any, was rectified by the previously discussed instruction regarding the relationship between witness credibility and prior felony convictions. *State v. Roqueni*, 94 Ariz. 72, 381 P.2d 757, *cert. denied*, 375 U.S. 948, 84 S.Ct. 359, 11 L.Ed.2d 278 (1963).

For the foregoing reasons, the opinion of the Court of Appeals is vacated and the judgment of conviction and sentence are reversed. This cause is remanded to the trial court for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.