622 P.2d 474
**STATE of Arizona, Appellee,**

v.

**William E. TAYLOR, Appellant.**

**No. 5075–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 8, 1980.

Rehearing Denied Jan. 13, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Echeverria, Glenn & Howard by Phillip W. Glenn and Dwight P. Callahan, Casa Grande, for appellant.

HAYS, Justice.

Appellant was convicted by a jury of sexual assault and sentenced to 14 years in the state prison. The State alleged and subsequently proved a prior conviction of rape in a separate trial. We take jurisdiction pursuant to A.R.S. § 12–120.24, and we affirm.

The evening's events began in the O. K. Corral Bar where the appellant met the

victim and bought her a drink. At 1:00 A.M., when the bar closed, they departed together to have breakfast at a nearby coffee shop. From this point on, the testimonial paths diverge. The victim testified that after breakfast they drove past two bars in Mesa, allegedly to look for appellant's brother. Eventually, appellant drove off a dirt road near the mountains southeast of Apache Junction, parked, turned and choked the victim until she was nearly unconscious, laid her in the back seat and engaged in nonconsensual sexual intercourse three times. On their return trip to Chandler, appellant pulled over again and choked her before dropping the victim off at a street corner near her mother-in-law's home.

The appellant described a more direct version of his route home. He testified that he never sexually assaulted her, that he dropped the victim off immediately following breakfast at the same corner which she had described, and that he arrived at his home at 3:00 A.M. His statement was uncorroborated.

The physical and testimonial evidence supporting the victim's version included the lab technician's finding of semen present on the underwear worn by the victim on the evening in question; her mother-in-law's description at trial of the victim's emotional condition at 4:00 that morning after being dropped off; and witness' testimony of the victim's physical injuries shortly after the alleged sexual assault, which included bloodshot eyes and bruises around her ears.

■ We comment only briefly on two issues identified, but not argued, in the motion for rehearing. One, appellant urges that photographs of the victim's injuries, purportedly taken two weeks after the incident, were improperly admitted at trial because the expert medical witness testified that the redness in the eyes as pictured was representative of that type of an injury but was that of an injury which had occurred before two weeks had passed. The trial judge did not err in admitting the photographs because the objection only dealt with the weight to be given to the evidence, not to the lack of foundation.

■ Second, appellant contends the court erred in the imposition of a sentence which was 3½ years beyond the presumptive. The trial judge complied fully with § 13–604(K) by stating on the record sufficient aggravating circumstances, including appellant's criminal history, the prior conviction, the dangerous and violent nature of the charges, and the placing of the victim in a position of serious bodily harm.

■ The principal issue on appeal is posed: Is the failure of the trial court to instruct the jury, *sua sponte*, that the prior rape conviction is to be used only to impeach the credibility of the defendant-appellant and not to be considered as evidence of guilt, fundamental error? No, it is incumbent upon counsel to request a specific instruction on the limited admissibility of the prior if s/he is to preserve the alleged error for appeal.

A review of the record reveals that appellant was called as one of the two witnesses for the defense. On the stand, appellant voluntarily, through questioning by his counsel, admitted to a 10-year-old felony conviction for rape. Reference was made to this prior conviction again on cross-examination by the State and in the State's closing argument. Defense counsel made no request for a preliminary evidentiary hearing pursuant to 17A A.R.S. Rules of Evidence rule 609, to preclude the admission of the prior conviction at trial, nor did counsel object to the references to the prior conviction at trial, nor did counsel object to the failure of the court to instruct the jury as to its limited admissibility, nor did counsel request any instruction beyond the standard credibility instruction, RAJI 5A, which was given.

■ 17 A.R.S. Rules of Criminal Procedure, rule 21.3(c), sets forth basic law that no party may assign as error on appeal the court's failure to give any instruction *unless he objects* thereto before the jury retires and distinctly states the grounds for his objection. Instructional defects unobjected to will only be considered on appeal if they

rise to the level of fundamental error. *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979). Appellant urges that the recent decisions of *State v. Canedo*, 125 Ariz. 197, 608 P.2d 774 (1980), and *State v. Miller*, 120 Ariz. 224, 585 P.2d 244 (1978), suggest the presence of fundamental error where no cautionary instruction has been given and where overwhelming evidence of guilt is absent. We are pointed to the language in *State v. Canedo, supra*, where this court, citing from *State v. Finley*, 85 Ariz. 327, 338 P.2d 790 (1959), stated that there is an "imperative duty on the trial court to clearly instruct the jury as to the limited use of the prior." We previously addressed this contention in *State v. Francis*, 91 Ariz. 219, 222, 371 P.2d 97, 99 (1962). We responded and continue to respond as follows:

"In support of his assignment [that the trial court erred in giving a cautionary instruction as to the restricted purpose for admission of other offenses] defendant cites *State v. Finley*, 85 Ariz. 327, 335, 338 P.2d 790, 796 (1959) wherein it was stated by the majority opinion:

'Whenever evidence is admitted of other offenses there is an imperative duty on the trial court to clearly instruct the jury as to the restricted and limited purpose for which such evidence is to be considered.  * * *'

"However, in that case the instruction had been requested by the defendant and given by the trial court whereas in the instant case no such instruction was requested by the defendant. In addition, the *Finley* case cites *People v. Nye*, 38 Cal.2d 34, 237 P.2d 1 (1951) as authority for such proposition. However, the *Nye* case did not deal with an instruction limiting consideration of other offenses. Therefore, the *Finley* case is not in point.

"It has long been the rule in this jurisdiction that unless an objection is interposed to an instruction, or a request for an instruction is made, error cannot be predicated on the giving or the failure to give such an instruction. *State v. Evans*, 88 Ariz. 364, 356 P.2d 1106 (1960). This Court has repeatedly held that if a defendant wants an instruction limiting the effect of certain evidence he must request it, and the failure of the trial court to so instruct is not error in the absence of a request therefor. *State v. Evans*, supra; *State v. Polan*, 80 Ariz. 129, 293 P.2d 931 (1956); *Burgunder v. State*, 55 Ariz. 411, 103 P.2d 256 (1940)." (underlining provided).

*State v. Canedo* therefore is not dispositive of this case where counsel failed to request a limiting instruction, nor is *State v. Cruz*, 127 Ariz. 33, 617 P.2d 1149 (1980).

■ Appellant further cites *Canedo* for the contention that fundamental error exists because without the instruction "the fact finder . . . will in all likelihood utilize the conviction as substantive evidence of guilt." We cannot find that the failure of the trial court to instruct without a request by counsel deprived appellant of a right essential to his defense nor of a fair trial. The omitted instruction did not deal with the definition of the elements of the crime, *cf. State v. King*, 110 Ariz. 36, 514 P.2d 1032 (1973), but went to the issue of credibility. In *State v. Loyd*, 118 Ariz. 106, 110, 574 P.2d 1325, 1329 (1978), the Arizona Court of Appeals found no fundamental error in the giving of the standard RAJI 5A instruction where counsel did not object, stating:

"A witness' credibility may be impeached by a prior felony conviction (citation omitted). The credibility of the testimony of an exconvict is a question for the jury." (citation omitted).

Here, the court took no action which deprived appellant of any essential right. Had appellant desired to lessen the danger of misuse of the evidence of the prior conviction, counsel could have requested an instruction to that effect.

■ In *State v. Hernandez*, 7 Ariz.App. 200, 437 P.2d 952 (1968), the Court of Appeals held that failure to request an instruction on the limited use of the prior bad acts did not create fundamental error. The court stated at 437 P.2d 957:

"Our Supreme Court has on three occasions held that the failure to give this particular limiting instruction is not fun-

damental error. (citations omitted). Other jurisdictions hold that failure to request this instruction constitutes a waiver. *Baker v. United States*, 310 F.2d 924 (9th Cir. 1962), cert. denied, 372 U.S. 954, 83 S.Ct. 952, 9 L.Ed.2d 978 (1963). (further citations omitted)."

*See also State v. McFarlin*, 110 Ariz. 225, 577 P.2d 87 (1973); *State v. Puffer*, 110 Ariz. 180, 516 P.2d 316 (1973) (psychiatrist testifying as to insanity defense referred to prior conviction and it was incumbent on defendant to make specific request for limiting instruction); *State v. Sowards*, 99 Ariz. 22, 406 P.2d 202 (1965) (state referred to defendant's past convictions in closing argument to illustrate his credibility. Held defendant received fair trial and waived his right to review by his failure to request instruction); *State v. Maxwell*, 95 Ariz. 396, 391 P.2d 560 (1964) (failure to request instruction limiting purpose for which evidence of other crimes was to be considered constituted waiver). Furthermore, appellant has cited us no cases that hold to the contrary. In *State v. Miller, supra,* this court held that the failure of the trial court to give an instruction on the limited use of a prior conviction when not requested by appellant and where appellant had voluntarily introduced the fact of a prior at trial, was not fundamental error. Our comment that the "evidence of guilt was overwhelming" was not essential to the holding in that case. Therefore, we need not discuss the issue of prejudice, having decided that fundamental error does not exist where the trial court does not give a limiting instruction on its own motion. Appellant's failure to request such an instruction constitutes a waiver of any right to the instruction.

The opinion of the Court of Appeals is vacated, and the trial court's judgment of conviction and sentence are affirmed.

STRUCKMEYER, C. J., and HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.