662 P.2d 450

STATE of Arizona, Respondent,

v.

James Vincent DOSZTAL, Petitioner.

No. 5624–PR.

Supreme Court of Arizona,
En Banc.

April 5, 1983.

Review Granted Sept. 14, 1982.

Thomas E. Collins, Maricopa County Atty. by Steven A. LaMar, Asst. Atty. Gen., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for petitioner.

HOLOHAN, Chief Justice.

Having effectively waived his right to a jury trial, James Vincent Dosztal was convicted of the crimes of wearing a mask in the commission of an offense (former A.R.S. § 13–981), burglary while armed with a gun, and assault with a deadly weapon while armed with a gun. He was sentenced to concurrent terms of 1 to 5 years, 10 to 15 years and 15 years to life. All charges and sentences were under the criminal code effective before October 1, 1978.

Dosztal appealed to the Court of Appeals, *State v. Dosztal*, 123 Ariz. 285, 599 P.2d 241 (App.1979). The sole issue on appeal was whether submission of the case to the trial judge was tantamount to a guilty plea where, after the state's principal witness

had testified in the jury trial, Dosztal waived the jury and rested his case without presenting any evidence. *Id.* The Court of Appeals found that the submission was not the equivalent of a guilty plea and affirmed the convictions and sentences. We denied a petition for review on September 6, 1979 (4829–PR).

Dosztal filed a petition for post-conviction relief on the grounds that the sentencing provisions of the present criminal code should be applied retroactively. (The current code provides for a lesser maximum sentence for assault with a deadly weapon. A.R.S. §§ 13–701(B) and 13–604(G).) The trial court denied the petition as well as a motion for rehearing. The Court of Appeals affirmed, holding that Dosztal was not entitled to be sentenced under the new code.

We granted Dosztal's petition for review pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.

Dosztal's request for sentencing in accordance with the new criminal code is without merit. As noted in *State v. Williams,* 125 Ariz. 438, 610 P.2d 72 (App.1980), the new code contained a specific clause, Laws 1977, Ch. 142, Sec. 179, which provides in part:

.    .    .    .    .

"C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted."

■ Where a new criminal code establishes a less severe penalty, yet contains a saving clause regarding crimes committed before the new code's effective date, the penalty provisions of the former code apply to such pre-revision offenses. *See, Bradley v. United States,* 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973); *State v. Williams, supra; State v. Scrivner,* 125 Ariz. 508, 611 P.2d 95 (App.1979); *State v. Brown,* 123 Ariz. 406, 599 P.2d 859 (App.1979).

■ Thus, the sentencing judge correctly relied upon the version of the criminal code in effect at the time the offenses were committed.

■ Upon examination of the entire record, however, we find the Court of Appeals lacked jurisdiction to hear Dosztal's appeal of his conviction for assault with a deadly weapon while armed with a gun. Since Dosztal actually received a life sentence for that offense, the matter could only be appealed to the supreme court. A.R.S. § 13–4031 (formerly § 13–1711). Because the Court of Appeals' decision is "void and without effect," *see, State v. Miller,* 129 Ariz. 465, 632 P.2d 552 (1981); *State v. Canedo,* 125 Ariz. 197, 199, 608 P.2d 774, 776 (1980), there has been no proper appeal.

We, therefore, vacate the opinion of the Court of Appeals in this matter and in *State v. Dosztal,* 123 Ariz. 285, 599 P.2d 241 (App.1979). The case is remanded to the superior court for appointment of counsel to consult with Dosztal regarding a delayed appeal to this court. If requested by the defendant James Dosztal, a delayed appeal to this court shall be granted.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.