NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JERRY LEE BELL, *Appellant.*

No. 1 CA-CR 20-0272
FILED 5-13-2021

Appeal from the Superior Court in Yavapai County
No.  P1300CR201701298
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Stephen L. Duncan, Scottsdale
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Brian Y. Furuya joined.

**T H U M M A**, Judge:

**¶1**     Defendant Jerry Lee Bell appeals the superior court's denial of his motion to reconsider its ruling on proffered other act evidence. Because he has shown no error, Bell's convictions and resulting prison sentences and probation grant are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**     The victim, S.E., was Bell's stepdaughter. One night in 2001 or 2002, around the time S.E. was 12 years old, Bell laid down next to S.E. on a futon and began rubbing her vaginal area while instructing S.E. to rub his penis. A few days later, Bell was in the shower and asked S.E. to come into the bathroom and rub his penis.

**¶3**     In September 2017, Bell was charged with two counts of sexual conduct with a minor, each a Class 2 felony (Counts 1 and 3), two counts of luring a minor for sexual exploitation, each a Class 3 felony (Counts 2 and 4), one count of sexual conduct with a minor, a Class 3 felony (Count 5), and one count of sexual abuse, a Class 3 felony (Count 6).

**¶4**     Before trial, the State moved to admit evidence pursuant to Arizona Rules of Evidence 404(b) and (c) (2021).[1] After an evidentiary hearing, the superior court granted the State's motion in part, barring the admission of some evidence but allowing evidence that when S.E. was between 12 and 15 years old, Bell entered her room, watched her change clothes, and touched her breasts. The court found there was clear and convincing evidence that Bell committed these acts, which provided a basis for finding that Bell had a character trait giving rise to an aberrant sexual propensity, and that the evidence was not substantially outweighed by a danger of unfair prejudice, confusion or other factors. *See* Ariz. R. Evid. 404(c)(1). The court also found that evidence of the other acts was "further

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

evidence of intent, preparation and absence of mistake or accident." Ariz. R. Evid. 404(b)(2).

¶5        Bell moved to reconsider, arguing the court failed to find that the evidence was not too remote and not dissimilar from the charged acts, and therefore could not be admitted without expert testimony. *See* Ariz. R. Evid. 404(c)(1)(C)(i)–(ii); *State v. Treadaway*, 116 Ariz. 163, 166–67 (1977) (holding, under Arizona common law before the adoption of the Arizona Rules of Evidence, that other act evidence, which is remote and dissimilar from the charged act, is not admissible unless there is expert testimony that the other act "tends to show a continuing emotional propensity to commit the act charged"). Bell's motion to reconsider did not challenge the admission of the evidence under Rule 404(b). The court denied Bell's motion, finding "the acts were preparation for the ultimate charges in this case and that they are not so remote or dissimilar as to preclude admission." The court reiterated that the evidence was not unfairly prejudicial. This evidence was then admitted at trial.

¶6        After a six-day jury trial, Bell was found guilty of Counts 1, 2, 3, 5, and 6. The court sentenced him to the mitigated sentences of 13 years in prison for Count 1 with 165 days' presentence incarceration credit, 13 years for Count 3, and 5 years for Count 5, each to be served consecutively, followed by lifetime supervised probation for Counts 2 and 6. This court has jurisdiction over Bell's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶7        As applicable here, the decision to admit evidence is reviewed for abuse of discretion, *State v. Herrera*, 232 Ariz. 536, 544 ¶ 19 (App. 2013) (quoting *State v. Villalobos*, 225 Ariz. 74, 80 ¶ 18 (2010)), viewing the evidence "in the light most favorable to the proponent, maximizing its probative value and minimizing its prejudicial effect," *State v. Kiper*, 181 Ariz. 62, 66 (App. 1994). On appeal, Bell argues the court abused its discretion in denying his motion to reconsider.

¶8        In general, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Ariz. R. Evid. 404(b)(1). However, such other act evidence may "be admissible for other purposes," such as proof of intent, preparation, and absence of mistake or accident, Ariz. R. Evid. 404(b)(2), or "if relevant to show that the defendant had a character trait giving rise to

an aberrant sexual propensity to commit the offense charged," Ariz. R. Evid. 404(c); *see State v. Garcia*, 200 Ariz. 471, 475 ¶ 26 (App. 2001).

## I. Admission Under Rule 404(c).

**¶9** The superior court may admit evidence under Rule 404(c) only if it finds: (1) the evidence is sufficient to permit the trier of fact to find that the defendant committed the other act; (2) the commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged; and (3) the evidence is not barred by Rule 403, including specified factors. Ariz. R. Evid. 404(c)(1).

**¶10** Bell does not challenge the court's findings that there was clear and convincing evidence of the other acts, and that the other acts provide a basis for finding that Bell had a character trait giving rise to an aberrant sexual propensity. *See* Ariz. R. Evid. 404(c)(1)(A)–(B).

**¶11** Bell argues on appeal, as he did in his motion to reconsider, that the other acts were too dissimilar to the charged conduct for the futon incident, and therefore an expert was required to testify. *See* Ariz. R. Evid. 404(c)(1)(C). But Bell makes no argument that the other acts were too dissimilar to the charged conduct for the bathroom incident. Bell presents no authority, and the court has found none, that other act evidence admitted under Rule 404(c) must be similar to all of the charged incidents. Further, the evidence admitted was that Bell "enter[ed] the victim's bedroom to watch her change clothes and . . . touched [her] breasts." Bell was charged with fondling S.E.'s breasts. Bell has therefore shown no error in the court's admission of the evidence under Rule 404(c).

**¶12** Bell did not request a limiting instruction on the proper use of evidence admitted under Rule 404(c) and the superior court did not give such an instruction. While Rule 404(c)(2) states that the court "shall instruct the jury as to the proper use" of evidence admitted under this subsection, Bell does not raise the lack of this jury instruction on appeal. The issue is therefore waived. *See State v. Cook*, 170 Ariz. 40, 50 (1991). Moreover, Bell has not claimed (let alone shown) that the failure to give such an instruction in this case was fundamental error requiring reversal. *See State v. Dann*, 220 Ariz. 351, 363–64 ¶ 51 (2009); *see generally State v. Escalante*, 245 Ariz. 135 (2018).

## II.   Bell Was Not Unfairly Prejudiced by the Admission of the Other Act Evidence.

**¶13**     Bell argues he was unfairly prejudiced by the admission of the other act evidence "because it provided undue additional credibility to the victim's testimony as well as that of the other witnesses for the State." Unfair prejudice is the undue tendency to suggest a decision on an improper basis, such as emotion, sympathy or horror, which Bell does not argue here. *State v. Butler*, 230 Ariz. 465, 473 ¶ 33 (App. 2012) (citing authority). As applied, evidence that bolsters a witness' credibility is not unfairly prejudicial, but rather is "adversely probative in the sense that all good relevant evidence is." *State v. Shurz*, 176 Ariz. 46, 52 (1993). The jury was also instructed to assess the credibility of the witnesses. On this record, Bell has shown no error.

## III.   Admission Under Rule 404(b).

**¶14**     Bell did not challenge the court's admission of evidence under Rule 404(b) in his motion to reconsider or on appeal. Any such argument is therefore waived, meaning this court's review is for fundamental error. *See Escalante,* 245 Ariz. 135, 128 ¶ 1. Bell did not request an instruction on the proper use of evidence admitted under Rule 404(b) and the superior court did not give such an instruction. But the superior court is not required to sua sponte give a limiting instruction for evidence admitted under Rule 404(b). *State v. Miles*, 211 Ariz. 475, 483 ¶ 31 (App. 2005). Further, failure to sua sponte give an instruction limiting the effect of certain evidence is not fundamental error. *See State v. Taylor*, 127 Ariz. 527, 530 (1980).

### CONCLUSION

**¶15**     Bell's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA