593 P.2d 946

**STATE of Arizona, Appellee,**

v.

**Donald James GUENTHER, Appellant.**

**Nos. 1 CA–CR 3225, 1 CA–CR 3226.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 1, 1979.

Rehearing Denied April 4, 1979.

Review Denied April 24, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

EUBANK, Presiding Judge.

On April 24, 1975, following appellant's waiver of a jury trial and submission of a stipulated record to the court, appellant was found guilty of possession of heroin. This case was Maricopa County Superior Court No. CR–85645. The judgment was entered on May 30, 1975, imposition of sentence was suspended, and appellant was placed on probation for a period of five (5) years.

On August 11, 1976, in another court-tried case, appellant was found guilty of the crime of exhibiting a deadly weapon other than in self defense. This case was Maricopa County Superior Court No. CR–92216. It was also determined that appellant had violated the terms of his probation in CR–85645. Judgment was entered on September 16, 1976, imposition of sentence was

again suspended, and appellant was placed on probation for five (5) years. Probation in CR–85645 was reinstated for five (5) years, to run concurrently with the probation imposed in CR–92216.

In October of 1977, a petition to revoke probation was filed in each case, alleging that appellant had failed to make required reports to his probation officer, that he had failed to notify the officer of his employment situation, and that he had changed his residence without the officer's approval. At the revocation arraignment on January 11, 1978, appellant admitted the allegations of probation violation. On January 27, 1978, the court found that appellant had violated the probation conditions and revoked his probations. Appellant was sentenced to a term of not less than three (3) years nor more than five (5) years imprisonment in CR–92216 and not less than three (3) years nor more than seven (7) years imprisonment in CR–85645, with the sentences to run concurrently. These appeals were consolidated here at appellant's request.

At the time appellant admitted violating the terms and conditions of probation in CR–85645, the court did not inform him of the provisions of A.R.S. § 36–1002(A):

§ 36–1002. Possession of narcotic drugs; punishment

A. Except as otherwise provided in this article, every person who possesses any narcotic drug . . . shall be punished by imprisonment in the state prison for not less than two years nor more than ten years, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison.

Appellant's sole contention on appeal is that the trial court erred in failing to advise him of the two year minimum term without possibility of parole and, thus, his admission was not voluntarily made. His argument is based upon Rule 17.2, Rules of Criminal Procedure, 17 A.R.S. The record does show, however, that at the time of sentencing, appellant's counsel, in his presence, argued

that revocation "carries a mandatory minimum of two years." Thus, there is no argument that either appellant or his counsel was unaware of the mandatory two-year sentence statute.

Counsel for both parties to this appeal have assumed that Rule 17.2 applies in the instant case. We do not agree. Rule 17.2 applies to initial pleas of guilty or no contest. The controlling rule for probation violation hearings is Rule 27.8, captioned "Admissions by the probationer." Prior to August 1, 1975, the effective date of the current version of Rule 27.8, the old version of the rule mandated that the court "make the determinations required in Rules 17.2 and 17.3." However, all reference to the requirements of Rules 17.2 and 17.3 was removed when Rule 27.8 was amended. All case authority cited by the parties dealt with admissions taken before August 1, 1975; those authorities are obviously inapposite here.

We have carefully reviewed the record of appellant's "Revocation Arraignment" and conclude that the trial court scrupulously followed the dictates of Rule 27.8 and that appellant's admissions were properly accepted.

Pursuant to A.R.S. § 13–1715, we have reviewed the entire record and find no error. The judgment and sentences are affirmed.

WREN, J., and HENRY S. STEVENS, Retired J., concur.