625 P.2d 967

**STATE of Arizona, Appellee,**

v.

**Craig Charmas JONES, Appellant.**

**No. 1 CA–CR 4795.**

Court of Appeals of Arizona, Division 1, Department A.

March 12, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart II, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

In this appeal from a revocation of probation, we find that the trial court did not err in not complying with Rule 17, Rules of

Criminal Procedure, 17 A.R.S. In addition, we hold that appellant, who was placed on probation for a crime committed prior to the effective date of the revised criminal code and whose probation was revoked after the effective date of the revised criminal code, had no right when sentenced to claim the time credit entitlement set forth in A.R.S. § 13–903(E) of the revised criminal code.

Appellant was charged by indictment filed March 3, 1977, with two counts of sale of a narcotic drug, in violation of A.R.S. §§ 36–1002.02, –1002.10, 13–138, –139 and –140.[1] Pursuant to the terms of a written plea agreement, appellant pled "no contest" to both counts of the indictment. Following entry of judgment of guilt, sentencing was suspended and he was placed on a term of seven years' probation on both counts, with the condition that he be committed to the Arizona Department of Corrections for sixty days.

A petition to revoke appellant's probation was filed in May 1978. He admitted the alleged violations and at the disposition hearing was reinstated on probation. An additional condition of probation was imposed requiring one year incarceration in the Maricopa County Jail.

Another petition to revoke probation was filed against appellant in May 1980.[2] At the time of arraignment, appellant admitted that (1) he had violated Term. No. 2 of his probation in that he failed to report to the probation office at least once a month as ordered; (2) he violated Term No. 16 of his probation in that he failed to pay reimbursement as ordered; and (3) he had violated Term No. 19 in that he had failed to complete the work order program in which he was ordered to participate. At the disposition hearing, appellant was sentenced to five to seven years' imprisonment on each count with the terms to run concurrently. The terms were ordered to commence as of the date of sentencing and appellant was

1. The offenses occurred in February 1977 and therefore statutory references, unless otherwise indicated, are to the criminal code as it existed prior to the revisions effective October 1, 1978.

2. During the probationary period, other petitions to revoke appellant's probation were filed which are not germane to issues presented herein.

given credit for the 42 days he had been incarcerated awaiting disposition.

■ On the date of the commission of the original offenses herein, A.R.S. § 36–1002.-02 mandated a five-year minimum sentence for anyone convicted of a violation thereof. Under Rule 17.2.b, Rules of Criminal Procedure, 17 A.R.S., this is a consequence of a plea which must be explained to a defendant before his plea of guilty or "no contest" may be accepted. While conceding that the sentencing court complied in all other respects with Rule 27.8, Rules of Criminal Procedure, 17 A.R.S., governing admissions by a probationer, appellant argues that his admission of probation violations was involuntary because the trial court did not advise him that the charges carried a statutory minimum term of imprisonment that must be served. This argument has been previously disposed of in *State v. Guenther*, 122 Ariz. 196, 593 P.2d 946 (App.1979). There we held that where the trial court complied with Rule 27.8—the controlling rule for "admissions by the probationer"—it was immaterial that the court did not make the determinations mandated by Rule 17 dealing with guilty pleas. It was therefore unnecessary for the trial court to advise the probationer of the mandatory minimum term on the underlying conviction at the time he entered his admission of violation of the terms of his probation.

In the *Guenther* decision, we also noted that at the time of sentencing, the probationer was made aware of the mandatory minimum through statements by his counsel to the trial court. Exactly the same situation is presented by the facts of this case. While not necessary to our holding, we note that appellant was made aware of the mandatory minimum at the time of the disposition hearing. At that time, his counsel made the following remarks to the trial court:

Based on the serious nature of the original underlying charge and based on the fact, I'm sure the Court is aware, Mr.

Jones will have to serve at least 5 years as a flat minimum sentence on whatever the Court sentences him to, considering the nature of the violations and the nature of the charge and amount of jail time already served, I would ask that Mr. Jones be terminated unsuccessfully on probation at this point with no prison.

We also observe that the original written plea agreement imparts the same information. *See State v. Levario*, 118 Ariz. 426, 577 P.2d 712 (1978). Appellant's first argument is therefore without merit.

■ Appellant's second argument is that the trial court erred in not crediting sufficient time of prior incarceration toward appellant's sentence. Appellant notes that under A.R.S. § 13–903(E) of the revised criminal code, all jail time suffered as a condition of probation must be credited against a sentence subsequently imposed upon the probation revocation. Appellant argues that, although the revised criminal code was not in effect at the time of his offense or at the time he was originally placed on probation, it should be applied to him because it was in effect at the time of his ultimate disposition hearing and sentencing. We disagree.

Punishment following probation revocation is not for the probationary breach, but is punishment on the original charge. *State v. Pietsch*, 109 Ariz. 261, 508 P.2d 337 (1973). Appellant is being punished for a crime which occurred in February of 1977,[3] although sentence was not imposed until June of 1980. The legislature has clearly indicated that the provisions of the revised criminal code are to operate prospectively only. 1977 Ariz. Sess. Laws, Ch. 142, § 179 provides:

C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be con-

---

**3.** At that time, Arizona law did not require credit for probationary jail time against a sentence subsequently imposed upon probation revocation. *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224, *approved and adopted*, 113 Ariz. 285, 551 P.2d 554 (1976).

strued and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted.

Also, A.R.S. § 1–246 provides:

When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

*See State v. Seip,* 128 Ariz. 56, 623 P.2d 845 (1980)[4]; *State v. Williams,* 125 Ariz. 438, 610 P.2d 72 (App.1980); *State v. Scrivner,* 125 Ariz. 508, 611 P.2d 95 (App.1979); *State v. Brown,* 123 Ariz. 406, 599 P.2d 859 (App. 1979). We therefore conclude that appellant, who was placed on probation for a crime committed prior to the effective date of the revised criminal code and whose probation was revoked after the effective date of the revised criminal code, had no right when sentenced to claim the time credit entitlement set forth in A.R.S. § 13–903(E).

Having found no error, the revocation of probation and the sentences are affirmed.

OGG and GRANT, JJ., concur.

NOTE: The Honorable SARAH D. GRANT was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.

---

[4]. In *State v. Seip,* probation was revoked one month prior to the effective date of the revised criminal code. However, the opinion does not indicate whether the disposition hearing took place before or after October 1, 1978. In a Rule 32 Petition for Post-Conviction Relief filed after the effective date of the revised criminal code, it was asserted that petitioner was entitled to credit for all time spent in custody as a condition of probation pursuant to A.R.S. § 13–903(E). *Seip* similarly held that petitioner was not entitled to such credit.