728 P.2d 300

**STATE of Arizona, Appellee,**

v.

**Bernard A. REYES, Appellant.**

**Nos. 1 CA–CR 9756, 1 CA–CR 9757.**

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 30, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Vicki Gotkin Adler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

SHELLEY, Judge.

Appellant was indicted on December 19, 1983 with two counts of the sale of a narcotic drug in violation of A.R.S. § 13-3406 (Supp.1985) (Cause No. CR–137653). Appellant pled guilty to one count, a class 2 felony on April 4, 1984. The imposition of sentence was suspended for a period of five years and appellant was placed on probation. The terms of probation included that appellant serve 30 days in the Department of Corrections (as provided by A.R.S. § 13–3406(B)(2)), serve six months in the Maricopa County jail, and pay restitution of $505.00.

On November 6, 1985, appellant was indicted on one count of theft and one count of forgery (Cause No. CR–152841). On October 29, 1985, a petition to revoke probation was filed alleging that appellant violated his probation by committing the crime of theft. On December 16, 1985, at his violation hearing, appellant entered a plea of guilty in CR–152841 to one count of theft pursuant to a plea agreement and admitted that he had violated his probation in CR–137653. On January 13, 1986, appellant was sentenced in CR–152841 to the presumptive term of two years imprisonment. On appellant's probation violation in CR–137653, appellant was sentenced to the mitigated term of 5.25 years imprisonment. However, that sentence carried a mandatory minimum sentence of five years pursuant to A.R.S. § 13–3406(B)(2). Each sentence was to run concurrently and appellant was given credit for presentence incarceration.

Appellant presents only one issue for review:

Did the trial court err by not informing the appellant of the mandatory five year minimum sentence provided by A.R.S. § 13–3406(B)(2)?

Appellant now claims that the trial court erred in his guilty plea and probation violation hearing by failing to advise him of the mandatory minimum sentence provided by the statute and that his plea violates *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The state replies that appellant incorrectly asserts that he was denied his rights under Rule 17.2, Arizona Rules of Criminal Procedure.

It is well settled that, as to probation violations, Rule 27.8 does not require that the court advise the appellant of any minimum terms provided by statute. Rule 17.2 applies to initial pleas of guilty or no contest. The controlling rule for probation violation hearings is Rule 27.8. *State v. Guenther*, 122 Ariz. 196, 593 P.2d 946 (App.1980). This same principle was restated in *State v. Jones*, 128 Ariz. 378, 625 P.2d 967 (App.1981). In *Jones*, the defendant was not advised at his probation violation hearing that there was a mandatory minimum sentence. This court found that:

[u]nder Rule 17.2(b), ... this is a consequence of a plea which must be explained to a defendant before his plea of guilty or "no contest" may be accepted. While conceding that the sentencing court complied in all other respects with Rule 27.8, Rules of Criminal Procedure, 17 A.R.S., governing admissions by probationer, appellant argues that his admission of probation violations was involuntary because the trial court did not advise him that the charges carried a statutory minimum term of imprisonment that must be served. ... Where the trial court complied with Rule 27.8 the controlling rule for "admissions by probationer" it was immaterial that the court did not make the determinations mandated by Rule 17 dealing with guilty pleas. It was therefore unnecessary for the trial court to advise the probationer of the mandatory minimum term on the underlying conviction at the time he entered his admission of violation of the terms of his probation. *Jones*, 128 Ariz. at 380, 625 P.2d at 969.

■ Both *Guenther* and *Jones* noted that the record showed that those defendants were aware of the mandatory minimum sentences. While the record here does not show whether the appellant was aware at the time of his probation violation of the mandatory minimum sentence, both *Guenther* and *Jones* clearly stated that fact was not necessary to the holding.

■ Appellant attempts to distinguish *Guenther* and *Jones* by claiming that he should have been informed of the mandatory minimum sentence because of its effect on his *theft* conviction in CR–152841. However, the mandatory sentencing provision of A.R.S. § 13–3406(B)(2) had *no* effect upon appellant's sentence for his theft conviction; appellant received the presumptive term of two years with no special conditions. Appellant was told all the information required by Rule 17 in his plea to the theft conviction, and was also told that the admission of the theft would mean his probation would be revoked. Appellant is not entitled to any greater protection at his probation violation hearing than is provided by Rule 27, even when it is combined with a guilty plea to a separate offense. Appellant has also not been deprived of an opportunity to be advised of any mandatory minimum sentence. The time for such advice was when appellant initially pled guilty to the drug charge in 1984. Appellant has failed to distinguish *Guenther* and *Jones* in any meaningful respect.

The judgment of conviction, the revocation of probation, and the sentences are affirmed.

MEYERSON, P.J., and JACOBSON, J., concur.