731 P.2d 126

**STATE of Arizona, Appellee,**

v.

**Brent Lyneer REIDHEAD, Appellant.**

**No. 1 CA–CR 9805.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 30, 1986.

**232**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Judge.

Does the state's failure to comply with a probation revocation agreement invalidate an admission to violation of probation? This is the issue presented by this appeal.

In 1983, the defendant, Brent Lyneer Reidhead, pled guilty to one count of burglary, and one count of theft, and was placed on five years probation on the theft count and three years probation on the burglary count. The defendant was also ordered to pay restitution in the amount of $5,500.00, in regular monthly payments of $100. On March 13, 1984, the first petition to revoke the defendant's probation was filed alleging that he had failed to report to his probation officer, failed to pay monthly probation service fees, failed to pay restitution, failed to participate in a mental health counseling program, and changed his residence without permission. The defendant admitted all but one of these violations, and the remaining violation was dismissed. The defendant was reinstated on probation with an additional term of five months incarceration in the Maricopa County Jail.

On November 26, 1985, a second petition to revoke the defendant's probation was filed alleging that he had failed to report to his probation officer and had failed to make restitution payments. At the violation admission hearing, the defendant was represented by counsel. As a preliminary to the hearing, defendant's counsel stated, "[t]here will be an admission Your Honor, pursuant to an agreement with the state with a recommendation to be forthcoming from the probation officer." The trial court then asked the defendant his name and advised him of his rights as provided by Rule 27.8, Arizona Rules of Criminal Procedure. After admitting the violations of his probation, defendant's counsel added:

TRIAL JUDGE: Does counsel have any additions or corrections to the factual basis for the admission?

DEFENSE COUNSEL: Your Honor, I would like to point out for the record that the admissions are made premised upon an agreement with the state whereby the probation officer will recommend termination at the time of the disposition with credit for time served.

TRIAL JUDGE: Were any threats made, Mr. Reidhead, against you, or was any force used to get you to admit that you violated your probation?

DEFENDANT: No.

TRIAL JUDGE: Your lawyer has made a statement to the court on the record here, and in informal discussions with the court here earlier, wherein he has told me that he has had conversation with the probation officer. The probation officer had indicated to him that they will recommend in a report, that I will order, that your probation will be terminated, I suppose what is called unsatisfactorily at the time of the disposition hearing, which will be approximately fifteen days from now, that you will be terminated unsuccessfully and released from custody. Do you understand that apparently is a recommen-

dation that is going to be made to me? Do you understand that? [1]

DEFENDANT: Yes.

THE COURT: Do you understand that I, as the Judge, have a responsibility of making the final decision?

DEFENDANT: Yes.

TRIAL JUDGE: Of whether to go along with that. Do you understand that?

DEFENDANT: Yes.

TRIAL JUDGE: And that I can reject that if I want to?

DEFENDANT: Yes, sir.

The defendant then admitted the violation of his probation. The matter was set for a disposition hearing and a probation violation report was prepared. In the probation violation report, the probation officer made no mention of any agreement to recommend termination of probation and, in fact, recommended that the defendant be sentenced to the presumptive term. The probation violation report does not note any contact by the probation officer with any of the attorneys.

At the disposition hearing, the trial judge heard comments from both counsel and sentenced the defendant to concurrent terms of five years and three years imprisonment on both counts. Restitution of $5,500 was also imposed to be paid six months after release from prison. Both the defendant and the state were represented by different attorneys than those who appeared at the violation hearing. The probation officer, who was present at the disposition hearing, had not been present at the violation hearing. Contrary to the earlier agreement, the defendant was sentenced to the presumptive term on both counts and not given the opportunity to withdraw his plea. The defendant filed a timely notice of appeal raising one issue:

(1) Did the state's failure to comply with its agreement as to probation disposition invalidate the defendant's admission of violation of probation?

1. We do not deem the trial court's characterization of the agreement as "unsatisfactory" termination to be material, in view of our disposition of this case, even though such a termination would be invalid. *State v. Moore*, 149 Ariz. 176, 717 P.2d 480 (App.1986).

## PROBATION REVOCATION AGREEMENTS

Both the defendant and the state note that Rule 27 of the Arizona Rules of Criminal Procedure which controls probation violations makes no explicit provision for plea agreements in those proceedings. While it is true that Rule 27 does not specifically set out a procedure for probation violation agreements between a defendant and the state, the Arizona Rules of Criminal Procedure do not expressly or impliedly prohibit such practice. The Arizona Rules of Criminal Procedure are intended to provide for the just, speedy determination of every criminal proceeding and are to be construed so as to secure simplicity in procedure, fairness in administration, elimination of delay, and the protection of fundamental rights. Rule 1.2, Arizona Rules of Criminal Procedure. Rule 17.4(a) provides that the parties may negotiate concerning, and reach an agreement on, *any aspect* of the disposition of the case. While Rule 27 of the Arizona Rules of Criminal Procedure does not now mention plea agreements, such agreements were clearly contemplated at one time. The comments to the original Rule 27.7, prior to the 1975 amendments, refer to agreements in two respects. In referring to the right to counsel under former Rule 27.7(b), the comment noted,

> Counsel should be appointed before the hearing to provide time to prepare and to participate in plea-bargaining.

In referring to the collateral consequences of an admission under former Rule 27.7(c), the comment noted,

> The warning in paragraph (i) is to inform the probationer that, *barring an agreement to the contrary*, the revocation hearing does not prevent his prosecution on any charges arising out of the actions on which the revocation is based.

(emphasis added.) While the official comment was deleted in 1975 at the time Rule 27 was amended to its present form, there

is no indication the deletion was intended to disapprove the practice of entering into a probation revocation agreement. Moreover, simply because the Arizona Rules of Criminal Procedure do not provide for a particular procedure does not mean the procedure cannot exist. One example is the motion *in limine* which is not specifically provided for by the Rules of Criminal Procedure but is a common practice. *See State v. Rodriquez,* 126 Ariz. 28, 612 P.2d 484 (1980). It must also be noted that the use of agreements in probation violation situations is a common and useful practice, accepted in Arizona, *see State v. Fallon,* 151 Ariz. 192, 726 P.2d 608 (1986), and in other jurisdictions. *See Gamble v. State,* 95 Nev. 904, 604 P.2d 335 (1979), *People v. Calloway,* 29 Cal.3d 666, 175 Cal.Rptr. 596, 631 P.2d 30 (1981). We therefore hold that under Rule 17.4(a) authorizing the negotiation of any aspect of a criminal case, agreements concerning probation violation are permissible.

■ However, it must be recognized that probation violation agreements are not the equivalent of plea agreements under Rule 17, Arizona Rules of Criminal Procedure. It is clear from Arizona case law that in a probation violation situation, the strict requirements of Rule 17 in accepting guilty pleas do not apply. *State v. Jones,* 128 Ariz. 378, 625 P.2d 967 (App.1981). This is not to say that such agreements are entirely free from judicial scrutiny or inquiry.[2] A petitioner alleged to have violated probation is entitled to the minimum due process rights guaranteed by the Fourteenth Amendment, *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and by the Arizona Constitution. *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973). One of the basic elements of due process is fundamental fairness. An essential compo-

nent of such fairness is that, where a defendant and the state enter into a particular agreement, the state must comply with its promises. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), *State v. Gayman,* 127 Ariz. 600, 623 P.2d 30 (App.1980). The defendant in this case was entitled to have the state comply with its promise or the consideration for the promise (the admission) is invalid.

■ The state attempts to defend the result in this case on the grounds that the defendant has waived this issue on appeal by not moving to set aside his admission, citing *State v. Myers,* 12 Ariz.App. 409, 471 P.2d 294 (1970). While *Myers* held that a defendant must move to set aside a plea to preserve issues for appeal, this holding was specifically overruled by the Arizona Supreme Court in *State v. Sullivan,* 107 Ariz. 98, 482 P.2d 861 (1971). The defendant has not waived this issue.[3]

■ The state also urges that the issue is waived because the defendant failed to object to the probation violation report, citing *State v. Rogel,* 116 Ariz. 114, 568 P.2d 421 (1977). *Rogel* did find a waiver where a defendant, who had been promised no recommendation by the state, did not object to an adverse recommendation by the investigating officer. *Rogel,* while finding waiver, also found no breach of the agreement by the state. Further, any error that takes from a defendant a right essential to his case constitutes fundamental error and is not waived. *State v. Wussler,* 139 Ariz. 428, 679 P.2d 74 (1984). Where the defendant has been denied an essential component of due process, there is no question that such denial constitutes fundamental error.

■ The state also maintains that it is not a party to the agreement as the probation officer is a judicial employee and not under its control. However, the record

---

**2.** We do not decide what authority the trial judge may have in rejecting any provision of the agreement, or the consequences of such a rejection.

**3.** We also note that at the time it became apparent that the agreement was not going to be

complied with, the defendant was represented by a different public defender, who apparently was unaware of the agreement, and thus unaware of any grounds to set aside the admission.

clearly shows that the state was aware of the terms of the agreement and acquiesced in its terms. It is well settled that the state is bound by a plea bargain which induces a guilty plea. *State v. Richard,* 109 Ariz. 65, 505 P.2d 236 (1973). The fact that the probation officer was not under the prosecutor's control is not controlling, for nothing bars the state and a defendant from entering into an agreement contingent upon the action of an independent third party. *See Gamble v. State,* 95 Nev. 904, 908, 604 P.2d 335, 337 (1979) (cause of the prosecution's failure to keep its promise irrelevant). Rule 17.4, Arizona Rules of Criminal Procedure. The state clearly agreed to accept the defendant's admission contingent upon an event outside its control. The state cannot now rely on that lack of control to relieve it of its promises.

Finally, the state submits that the appropriate remedy in this situation is either to send the matter back for a voluntariness hearing or to revoke the admission of the probation violation. The latter course of action is the appropriate remedy in this case. *See State v. Davis,* 123 Ariz. 564, 601 P.2d 327 (1979). Accordingly, this matter is remanded to the superior court with directions to set aside the entry of the defendant's admission of a probation violation.

MEYERSON, P.J., and SHELLEY, J., concur.