747 P.2d 626

**STATE of Arizona, Appellee,**

v.

**William Patrick HANES, Appellant.**

**No. 1 CA–CR 10931.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 17, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div.

and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Kenneth D. Everett, Mohave County Public Defender, Kingman, for appellant.

## OPINION

GREER, Judge.

Appellant defendant was charged by information in 1985 with first degree burglary, kidnapping, and three counts of aggravated assault. In August, 1985, the defendant pled guilty to kidnapping and was placed on probation for seven years. After several alleged probation violations, the state petitioned to revoke probation in October, 1986. At that time, the defendant entered into a "probation violation plea agreement" in which he admitted the probation violations in exchange for the minimum sentence of 5.25 years. However, the trial court rejected this agreement.

Defendant then moved for an automatic change of judge pursuant to Rule 17.4(g), Ariz.R.Crim.P., and the trial court denied the motion. The defendant subsequently entered into a second probation violation plea agreement in which he agreed to admit the violations if he received the presumptive sentence of seven years. The court accepted defendant's admission and sentenced him to seven years imprisonment. Defendant timely appealed.

Defendant's only argument on appeal is that, pursuant to Rule 17.4(g), the trial court erred by denying the motion for automatic change of judge filed after the court rejected his first probation violation plea agreement. He argues that, once the judge reads the probation revocation report and rejects the agreement, he is no longer a neutral and detached magistrate. The state contends that Rule 17.4(g) does not apply to probation revocation proceedings. We agree with the state's position.

Rule 17 generally applies to pleas of guilty and no contest. Rule 17.4(g) provides:

If a plea is withdrawn after submission of the pre-sentence report, the judge, upon request of the defendant, shall disqualify himself, but no additional disqual-

ification of judges under this rule shall be permitted.

Admissions by a probationer are governed by Rule 27.8, which states:

Before accepting an admission by a probationer that he has violated a condition or regulation of his probation, the court shall address him personally and shall determine that he understands the following:

(a) The nature of the violation of probation to which an admission is offered.

(b) His right to counsel if he is not represented by counsel.

(c) His right to cross examine the witnesses who testified against him.

(d) His right to present witnesses in his behalf.

(e) If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at the trial. The court shall also determine that the defendant wishes to forego these rights, that his admission is voluntary and not the result of force, threats or promises and that there is a factual basis for the admission.

This court has held that probation violation agreements are permissible under Rule 17.4(a). *State v. Reidhead*, 152 Ariz. 231, 233, 731 P.2d 126, 128 (1986). However, it is also true that probation violation agreements are not the equivalent of plea agreements under Rule 17, and not all of the Rule 17 requirements for accepting guilty pleas apply to probation revocation agreements. *Id.* 152 Ariz. at 234, 731 P.2d at 129. For example, *State v. Reyes*, 151 Ariz. 430, 432, 728 P.2d 300, 302 (1986), held that the controlling rule for probation violation hearings is Ariz.R.Crim.P. 27.8. *See also, State v. Guenther*, 122 Ariz. 196, 593 P.2d 946 (App.1980); *State v. Jones*, 128 Ariz. 378, 625 P.2d 967 (App.1981). In *Jones*, 128 Ariz. at 380, 625 P.2d at 969, the Arizona Supreme Court held that Rule 27.8

does not require the court to advise the defendant of any statutory mandatory minimum sentence for his admissions to be voluntary, as does Rule 17.2(b). Persons charged with probation violations are, however, entitled to compliance with the provisions of Rule 27.8 and the minimum due process rights guaranteed by the Fourteenth Amendment and the Arizona Constitution. *See State v. Valentine,* 154 Ariz. 332, 742 P.2d 833 (App.1987); *State v. Talton,* 153 Ariz. 433, 737 P.2d 409 (App. 1987); *Reidhead,* 152 Ariz. at 234, 731 P.2d at 129. The specific question at hand has not been addressed by the appellate courts of Arizona. In *Reidhead,* the court particularly noted: "We do not decide what authority the trial judge may have in rejecting any provision of the [probation violation] agreement, or the consequences of such a rejection." 152 Ariz. at 234 n. 2, 731 P.2d at 129 n. 2.

■ We find that the automatic change of judge provision under Rule 17.-4(g) does not apply to probation revocation proceedings. There is no constitutional right to an automatic change of judge, *State v. Barnett,* 153 Ariz. 508, 738 P.2d 783 (App.1986), and Rule 27.8 does not provide for an automatic change of judge. Therefore, a right to an automatic change of judge in a probation revocation proceeding is possible only by reading Rule 17.4(g) into Rule 27.8. However, the cases previously discussed indicate that no such reading is required and that alleged probation violators entering into a probation revocation plea agreement are protected only by the provisions of Rule 27.8 and the requirements of due process. Therefore, there is no basis for the alleged right.

Appellant finds tangential support for his concern in the case law. Once a trial judge reads the probation revocation report and rejects the probation revocation plea agreement containing the violator's admissions, the risk arises that the judge will no longer be a neutral and detached magistrate for the probation revocation proceeding. *State v. Moreno,* 21 Ariz.App. 462, 464 n. 1, 520 P.2d 1139, 1141 n. 1 (1970). The risk that the reading of the probation report will influence the judge's resolution of allegations of probation violation is the very risk that the automatic change of judge provision of Rule 17.4(g) was designed to protect against, albeit in the plea agreement context. *State v. Thompson,* 150 Ariz. 554, 556, 724 P.2d 1223, 1225 (App.1986), *citing Gregg v. United States,* 394 U.S. 489, 492, 89 S.Ct. 1134, 1136–37, 22 L.Ed.2d 442 (1969). However, that such a rule might be equally desirable in the probation revocation context does not entitle us to read it into the rules when it does not exist. Since such a rule is not required by due process, it can only be provided under the supreme court's rulemaking authority. Ariz. Const. art. VI, § 5, para. 5.

■ Absent a specific claim of bias accompanying a change of judge request, the basic presumption that a trial judge is free of bias and prejudice must prevail. *See State v. Rossi,* 154 Ariz. 245, 741 P.2d 1223 (1987). In *Rossi,* our state supreme court rejected an argument that the defendant was entitled to voir dire the judge where the sentence had been reversed on appeal and remanded for resentencing. The court found that the mere possibility of prejudice did not give the defendant a constitutional right to voir dire the judge before resentencing. The court noted, "The fact that the trial judge presided at both sentencing hearings is not *prima facie* evidence of bias or prejudice." 154 Ariz. at 248, 741 P.2d at 1226. Accordingly, the mere fact that Judge Langford presided at both probation revocation proceedings in this case does not, of itself, indicate bias or prejudice.

We hold that the trial court's denial of defendant's motion for an automatic change of judge was proper. Pursuant to A.R.S. § 13–4035, we have reviewed the record for fundamental error and have found none. Therefore, for the above-stated reasons, the judgment and sentence are affirmed.

CONTRERAS, P.J., and FIDEL, J., concur.