768 P.2d 201

**STATE of Arizona, Appellee,**

v.

**Vita Lashona FLOWERS, Appellant.**

**No. 1 CA–CR 88–321.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 24, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CORCORAN, Judge.

This appeal asks us to decide what authority a trial judge has to reject a provision of a probation violation agreement and the consequences of such a rejection.

Appellant Vita Lashona Flowers (defendant) was placed on 3 years' probation for facilitation of 2nd degree burglary, a class 6 undesignated offense, in violation of A.R. S. §§ 13–1004, –1507, and –1501. Probation was reinstated twice after defendant admitted violating certain terms and conditions.

A third petition to revoke defendant's probation is the subject of this appeal. That petition alleged that defendant had violated Term 1 of her probation by committing theft and violating Term 2 by failing to report to her probation officer as directed.

At the violation hearing, defendant admitted failing to report to her probation officer. At that hearing, the following colloquy occurred:

[MR. PATRICK E. McGILLICUDDY, DEPUTY PUBLIC DEFENDER:] This will be an admission to term No. 2. For the record, your Honor, I have advised— entered into a stipulation [probation revocation agreement] with the government

that in exchange for admission to term 2 the dismissal of term 1 and there's a stipulated disposition of *minimum* D.O. C. [Department of Corrections], the designation of this offense as a felony.

....

THE COURT: Have any promises been made to you other than those your attorney has just placed on the record to get you to admit you violated the terms of your probation?

THE DEFENDANT: No, sir.

THE COURT: You understand that I am the one that's going to decide what your sentence will be. I will let you know if I do not intend to follow the stipulation, but I am the one who is going to decide whether you go to prison and, if so, for how long within the range that I just indicated to you.

Do you understand that?

THE DEFENDANT: Yes, sir.

The probation revocation agreement referred to by defense counsel was apparently never reduced to writing.

At a later disposition hearing, the court revoked defendant's probation, designated the matter a felony, and sentenced her to the *maximum aggravated* term of 1.875 years of imprisonment, crediting her with 166 days previously served. Prior to sentencing, the court stated:

THE COURT: I don't agree with the recommendation of minimum time. I think you richly deserve all the time I can give you and that's exactly what I am going to do. I want you to understand that it's because of your just flagrant disregard for the orders of the Court while you're placed on probation.

Defendant complains, for the first time on appeal, that her admission to the probation violation was involuntary. She argues that her admission was conditioned on a stipulated *minimum* sentence that she did not receive. The state suggests that the factual circumstances in this case appear to mandate a remand pursuant to *State v. Reidhead,* 152 Ariz. 231, 731 P.2d 126 (App. 1986).

Agreements concerning probation violation are permissible. *Reidhead,* 152 Ariz. at 234, 731 P.2d at 129. Nevertheless, probation violation agreements are not the equivalent of plea agreements. In a probation violation situation, the strict requirements of rule 17, Arizona Rules of Criminal Procedure, do not apply. *State v. Jones,* 128 Ariz. 378, 625 P.2d 967 (App. 1981); *see also Black v. Romano,* 471 U.S. 606, 613, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636, 643–44 (1985) (full panoply of procedural safeguards associated with criminal trial not required in probation revocation hearing). However, a person alleged to have violated probation is entitled to the minimum due process rights guaranteed by the fourteenth amendment, *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and by the Arizona Constitution. *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973).

One of the basic elements of due process is fundamental fairness. Because the state in *Reidhead* failed to comply with a portion of the agreement, this court ordered the admission revoked, stating:

An essential component of [fundamental] fairness is that, where a defendant and the state enter into a particular agreement, the state must comply with its promises. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Gayman,* 127 Ariz. 600, 623 P.2d 30 (App.1980). The defendant in this case was entitled to have the state comply with its promise or the consideration for the promise (the admission) is invalid.

152 Ariz. at 234, 731 P.2d at 129. Defendant argues that the same result is required in this case because the probation revocation agreement was disregarded by the trial court. *Reidhead* explicitly left undecided, however, what authority the trial judge has to reject any provision of a probation violation agreement or the consequences of such a rejection. 152 Ariz. at 234 n. 2, 731 P.2d at 129 n. 2.

■ The state suggests that defendant has waived her right to appeal on this issue by not moving to set aside her admission. Where a defendant has been denied an essential component of due process, such denial constitutes fundamental error. *Reidhead*, 152 Ariz. at 234, 731 P.2d at 129. Fundamental error is not waived. *State v. Wussler*, 139 Ariz. 428, 679 P.2d 74 (1984). A defendant need not move to set aside the admission to preserve the issue of voluntariness for appeal. *Reidhead*, 152 Ariz. at 234, 731 P.2d at 129, citing *State v. Sullivan*, 107 Ariz. 98, 482 P.2d 861 (1971).

■ We find it fundamentally unfair to deny defendant the opportunity to withdraw from the probation violation agreement where, as here, the trial court's refusal to honor the bargain defendant made with the prosecutor renders invalid the consideration for her admission.

■ We find further support for our conclusion in the requirements of rule 27.8 governing probation revocation proceedings. That rule requires a trial court to determine that a defendant's admission to a probation violation is voluntary, and not the result of force, threats, or promises. *State v. Coon*, 114 Ariz. 148, 151, 559 P.2d 704, 707 (App.1977). In this case, it is clear that defendant's admission was conditioned on a promise that went unfulfilled. Under these circumstances, defendant's admission was involuntary.

Accordingly, this matter is remanded to the trial court with directions to permit defendant to withdraw from the probation violation agreement.

GREER and GRANT, JJ., concur.

NOTE: The Honorable ROBERT J. CORCORAN, Justice of the Arizona Supreme Court, has been authorized by Administrative Order No. 89–3 of the Chief Justice, to participate in the resolution of this case which was previously assigned to him as a judge of this Court or to his department before Thursday, January 5, 1989.