NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONELL REED, *Petitioner*.

No. 1 CA-CR 16-0724 PRPC
FILED 11-14-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-038162-002 SE
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Donell Reed, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

¶1          Donell Reed petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  This is his first, timely, "of right" petition for post-conviction relief, filed after a probation violation admission and disposition.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          Reed pled guilty in 2004 to amended Count I, attempted child abuse (domestic violence), a class 3 felony and dangerous crime against children, and amended Count II, child abuse (domestic violence), a class 2 felony.  Before proceeding to sentencing, the superior court, with Reed and plea counsel present, amended the plea agreement to reflect the correct sentencing range as to Count I, noted the original plea agreement was not "in the Court's possession," and directed the clerk's office to make the changes to the original plea agreement.  The court then sentenced Reed to seven years' imprisonment in the Arizona Department of Corrections ("ADOC") for Count II, and placed him on lifetime probation for Count I.  Reed did not seek post-conviction relief at that time.

¶3          After his release from prison on Count II, Reed twice violated probation, but was reinstated to probation each time.  A third petition to revoke was filed in 2015, and Reed admitted another probation violation.  The court revoked Reed's probation and sentenced him to eight years' imprisonment in ADOC.

¶4          Reed filed a notice of post-conviction relief, and after appointed counsel filed a notice of completion of review, Reed filed a *pro se* petition for post-conviction relief, requesting relief under Rule 32.1(e) (alleging the existence of newly discovered material facts).  Reed claimed he discovered in April 2016 that his original plea had been amended without his approval to show a different and higher range of sentencing on Count I, he was not present when the clerk's office made the change, and the State breached its agreement as originally signed and entered.  The superior court summarily dismissed his petition.

¶5          Reed filed his petition for review, reiterating his claim.  There is no factual dispute as to the amendment to the plea taking place.  In general, we review the denial of post-conviction relief for an abuse of discretion.  *State v. Decenzo*, 199 Ariz. 355, 356, ¶ 2 (App. 2001).  Here, we find no abuse of discretion.  Reed's claim arises from an amendment to the plea agreement, directed in open court, while he and counsel were present.

At best, Reed may have a claim for technical error, which does not entitle him to have his plea or sentence set aside if "substantial justice has been done." *State v. Mendiola*, 23 Ariz. App. 251, 254 (1975) (quoting Ariz. Const. art. 6, § 27).

**¶6** Because Reed was present during the technical change, he cannot show that this was a fact "discovered after the trial" or that he "exercised due diligence" to be entitled to relief. *See* Ariz. R. Crim. P. 32.1(e)(1), (2); *State v. Bilke*, 162 Ariz. 51, 52-53 (1989). The plea existed in the record for more than a decade. Simply because a defendant presents the court with evidence for the first time does not make that evidence "newly discovered." *State v. Mata*, 185 Ariz. 319, 333 (1996) (citation omitted). Reed's claim is untimely and therefore precluded. *See* Ariz. R. Crim. P. 32.2(a)(3), 32.4(a).

**¶7** Additionally, Reed has not attached or requested transcripts of the original plea proceeding or other documentary evidence to show either that he was not advised of the correct sentencing range or that he did not agree to the changes. The minute entry from his change of plea hearing states: "The Court advises Defendant of the range of possible sentence and the availability of probation . . . ." The court amended the plea agreement to reflect the appropriate range of sentences for a class 3 felony consistent with Arizona Revised Statutes sections 13-3623(A)(1) (2001) and 13-604.01(I) (Supp. 2002). Reed could have requested the transcripts from these proceedings pursuant to Rule 32.4(d), but he did not do so. "Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court." *State v. Zuck*, 134 Ariz. 509, 513 (1982) (citation omitted).

**¶8** Reed has failed to meet his burden of proof to show a colorable claim under Rule 32.1(e), and by extension, claims under Rule 32.1(a) for an unlawful sentence, breach of an agreement, or other due process violation. Under Rule 27.8, a trial court is required to determine if a defendant's admission to a probation violation is voluntary. *State v. Flowers*, 159 Ariz. 469, 472 (App. 1989). After the group advisement, before Reed's admission to the third probation violation, the superior court advised him of the range of sentence if he were to enter an admission, which was from five to fifteen years, consistent with the plea agreement as amended in 2005. The court then sentenced him to eight years' imprisonment in ADOC, a term less than the presumptive ten-year term. Reed has provided nothing to show that his original plea or subsequent admission and disposition was defective.

¶9    Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA