NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSEPH WAYNE VICK, *Petitioner*.

No. 1 CA-CR 20-0262 PRPC

FILED 1-14-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2015-001520-001
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Joseph Wayne Vick, Kingman
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

**HOWE, Judge**:

¶1　　　　Joseph Wayne Vick seeks review of the trial court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure (Rule) 33.[1] We have considered the petition for review and for the reasons stated, grant review but deny relief.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　In 2015, Vick pled no contest to two counts of attempt to commit molestation of a child, both class three felonies and dangerous crimes against children. Following the terms of the plea agreement, the trial court suspended sentence, placing Vick on lifetime probation on both counts. As a term of probation, the court ordered Vick to "maintain a crime-free lifestyle" (term 1) and "not [to] consume or possess any substance containing alcohol" (term 16). Additionally, both the plea agreement and the terms of probation prohibited Vick from contacting the victim, his daughter.

¶3　　　　On October 17, 2017, the Adult Probation Department ("APD") petitioned to revoke Vick's probation. The petition alleged violations of terms 1 and 16 as well as numerous technical violations. At the same time, APD filed a probation violation report, recommending that Vick be reinstated on intensive probation and serve one month in jail. In February 2018, APD supplemented the petition, alleging that Vick violated term 19, which prohibited him from contacting the victim. On March 13, 2018, after hearing the sentencing range for a class 3 felony and a warning

---

[1]　　　Effective January 1, 2020, our Supreme Court amended the post-conviction relief rules. *State v. Botello-Rangel*, 248 Ariz. 429, 430 ¶ 1 n.1 (App. 2020). The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice." *Id.* Because no substantive changes to the respective rules relate to this decision, we apply and cite to the current rules.

that the court did not have to follow APD's sentencing recommendation, Vick admitted consuming alcohol and violating term 16. After the court accepted his admission, Vick's probation officer told the court she was modifying her recommendation to revocation on count one and sentencing Vick to ten years in prison. The probation officer explained she changed her recommendation because for many months Vick had been secretly texting and meeting with the victim as stated in the supplement.

¶4 Defense counsel told the court he had not seen the supplemental report; he nevertheless agreed to proceed to disposition. The court heard arguments but had to stop the hearing due to an emergency evacuation of the building. The arraignment judge revealed her inclination to follow APD's new recommendation of ten years' imprisonment but would leave it to defense if he wished to "take your chances" with another judicial officer at a disposition hearing.

¶5 The disposition was reset before a different judicial officer. At the next hearing on April 11, 2018, Vick's probation officer testified about Vick's unauthorized contact with the victim, and the victim spoke on Vick's behalf. Vick apologized to the court for contacting the victim. The court revoked Vick's probation on count one, sentencing him to the presumptive sentence of ten years in prison, and reinstated him on lifetime probation on count two.

¶6 Vick timely initiated post-conviction relief proceedings. Appointed counsel found no viable claims for relief, and Vick then filed a pro se petition. Vick raised claims that his admission was not knowing and voluntary; ineffective assistance of counsel; and various challenges to the indictment and constitutionality of the underlying charging and sentencing statutes. After the State responded, the superior court summarily dismissed the petition. Vick's motion for reconsideration was also denied. This petition for review followed.

**DISCUSSION**

¶7 Absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). "The relevant inquiry for determining whether the [defendant] is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would probably have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016).

## I.     Knowing and Voluntary Admission

**¶8**          Vick argues that his admission was not knowing and voluntary. A defendant's admission to a probation violation must be voluntary, and not the result of force, threats, or promises. *See* Ariz. R. Crim. P. Rule 27.9(b); *see also State v. Flowers*, 159 Ariz. 469, 472 (App. 1989) (*citing State v. Coon*, 114 Ariz. 148, 151 (App. 1977). While the strict requirements of plea agreements do not apply in a probation violation setting, a defendant is entitled to minimum due process. *Flowers*, 159 Ariz. at 471; *c.f. State v. Hamilton*, 142 Ariz. 91, 93 (1984) (claims regarding the voluntariness of a plea are meritless if the record shows the trial court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly and voluntarily); *State v. Pritchett*, 27 Ariz. App. 701, 703 (1976) (honest, mistaken subjective impression about the sentence to be received, absent substantial objective evidence showing impression to be reasonably justified, is insufficient to support a claim of involuntary plea).

**¶9**          Here, before Vick admitted to the violation, the trial court and defense counsel reviewed the possible consequences of admitting a probation violation, including revocation to prison. The court also warned Vick that it was not bound by APD's recommendations. The court then questioned Vick in compliance with Rule 27.9 and Vick answered accordingly. *C.f. Hamilton*, 142 Ariz. at 93 (statements to the court at a change of plea hearing regarding the voluntariness of the plea are normally binding on the defendant). Vick denied that any promises were made to him in exchange for his admission.

**¶10**          Vick argues that he did not voluntarily and knowingly admit the probation violation because the admission was made before he knew APD had changed its sentencing recommendation, and that he would not have admitted violating term 16c—consuming alcohol—had he known APD was recommending prison for contacting the victim. Vick, however, does not dispute that he consumed alcohol or contacted the victim. Furthermore, Rule 27.9 requires only that the probationer understand "the nature of the probation violation that the probationer will be admitting"; not every probation violation alleged. Ariz. R. Crim. P. Rule 27.9(a)(1). Vick understood the nature of the probation violation that he admitted. He acknowledged that the court was not required to accept the probation officer's recommendation at the time of admission and did not condition his admission on a 30-day term in jail and reinstatement of probation. Vick's admission, therefore, was knowing and voluntary.

## II.    Ineffective Assistance of Counsel

¶11        Vick argues that his counsel was ineffective for failing to adequately explain APD's new recommendation. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Inability to show prejudice is fatal to a claim of ineffective assistance of counsel. *State v. Salazar*, 173 Ariz. 399, 414 (1992) ("If no prejudice is shown, the court need not inquire into counsel's performance."). Ineffective assistance must be a demonstrable reality rather than a matter of speculation. *State v. McDaniel*, 136 Ariz. 188, 198 (1983).

¶12        Trial counsel's performance did not fall below objectively reasonable standards of performance. Before ADP's recommendation change, counsel stated that the court's going beyond ADP's recommended sentencing range was not likely, but was possible. Upon receipt of the supplemental revocation petition, counsel conferred with Vick on whether he wanted to proceed with his admission. When the initial hearing judge said that she was inclined to accept the 10-year recommendation ADP proffered, counsel continued the proceeding before a different judicial officer and advocated for reinstatement. Vick's assertions are contrary to the record.

¶13        Furthermore, Vick has not shown prejudice. Counsel had both the victim and Vick speak on Vick's behalf at the final disposition hearing. After reviewing the additional mitigation evidence in Vick's petition for post-conviction relief and an affidavit from his ex-spouse supporting Vick, the trial court found that the additional evidence would not have helped Vick obtain a more favorable sentence. Vick suffered no prejudice.

## IV.    Remaining Claims

¶14        Finally, Vick is precluded from challenging the indictment or the constitutionality of the statutes he was charged and sentenced under. "It is well established that entry of a valid guilty plea[] forecloses a defendant from raising nonjurisdictional defects." *Hamilton*, 142 Ariz. at 94. Because Vick entered a plea agreement, these arguments are waived.

**CONCLUSION**

¶15        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA